Howard W. ABBOTT, Plaintiff-Appellant,

v.

The CIVIL SERVICE COMMISSION OF the CITY OF ST. LOUIS, Defendant-Respondent.

No. 37199.

Missouri Court of Appeals, St. Louis District, Division One.

Dec. 28, 1976.

Daniel B. Hayes, Clayton, for plaintiff-appellant.

Joseph Niemann, Asst. City Counselor, St. Louis, for defendant-respondent.

WEIER, Presiding Judge.

Plaintiff Howard W. Abbott appeals from a judgment of the trial court which

affirmed the findings of fact and conclusions of law determined by the Civil Service Commission of the City of St. Louis. This decision held Abbott was ineligible for the position of Correctional Manager of the St. Louis City Jail. We affirm.

On February 15, 1972, the Department of Personnel of the City of St. Louis announced that an examination for the position of Correctional Manager would be held for those applicants satisfying the necessary qualifications. These qualifications included "graduation from an accredited college or university with specialization in corrections, penology, criminology, sociology or a closely related field." Plaintiff submitted an application for the position which ostensibly fulfilled the qualifications. He was allowed to take the examination, was posted to an eligible list, was certified to the appointing authority, and was eventually appointed to the job in December, 1973.

Shortly thereafter an investigation of plaintiff's academic credentials was initiated by the Department of Personnel after a complaint was lodged against plaintiff. As a result of this investigation plaintiff was dismissed. Plaintiff appealed his dismissal to the Civil Service Commission, who upheld it. Plaintiff then sought judicial review in the Circuit Court. There the decision of the Civil Service Commission was affirmed.

■ Appellant first urges that the decision of the Civil Service Commission was not authorized by law. The "law" on which the appellant relies in his argument is the City of St. Louis Civil Service Rules. These rules were not offered or introduced at the administrative hearing and, thus, do not appear in the transcript. The appellate court may not take judicial notice of the rules of administrative agencies. *Kersey v. Harbin*, 531 S.W.2d 76, 80[7] (Mo.App.1975).

■ Appellant's second contention is that the decision of the Commission was not supported by competent and substantial evidence on the whole record. The scope and method of judicial review of an administrative agency decision is reviewed in *Hane-*

*brink v. Parker*, 506 S.W.2d 455, 457[1–7] (Mo.App.1974). See also, *Brooks v. General Motors Assembly Division*, 527 S.W.2d 50, 53[2–7] (Mo.App.1975). Briefly, the evidence must be viewed in its entirety, together with all legitimate inferences therefrom, and viewed in the light most favorable to the findings of the agency. If the evidence supports the finding of the administrative agency a reviewing court is not authorized to substitute its judgment for that of the agency. And, once supported by competent evidence, a reviewing court is authorized to set aside an agency decision only where the findings of fact by the agency are clearly contrary to the overwhelming weight of the evidence. The Civil Service Commission made the following Findings of Fact:

"I.

The necessary qualifications for the position of Correctional Manager to which Howard Abbott [plaintiff] applied called for graduation from an accredited college or university * * *.

II.

When making application for a position in City Service, appellant [plaintiff] stated that he possessed a Bachelor's degree in theology from the Central Baptist College in Kansas City, Kansas and a Master's degree in theology from the Ohio Christian College in Columbus, Ohio.

III.

The Commission finds that the appellant [plaintiff] does not possess a Bachelor's degree from the Central Baptist College * * * and that the Ohio Christian College is not accredited by a recognized bona fide accrediting agency.

IV.

Upon learning that the appellant [plaintiff] did not meet the qualifications * * and that he had misstated the material fact of educational credentials, the Director of Personnel properly directed appellant's [plaintiff's] appointing authority to dismiss [him] * * * *."

These findings are supported by testimony and exhibits in the record. Correspondence between the Department of Personnel, as

well as appellant's appointing authority, and the Dean of Central Baptist Theological Seminary revealed that appellant did not receive a degree from that institution because he lacked sufficient hours of course credit. Appellant's transcript from the Seminary confirms the fact. Secondly, testimony from employees of the Department of Personnel who had several years of experience in the personnel field, and letters and documents introduced in evidence, revealed that Ohio Christian College, from which appellant allegedly obtained two degrees, was not "accredited" by nationally recognized accrediting agencies. Ohio Christian College was merely a correspondence school which had been the subject of federal and state litigation. Thus, the Commission could properly find from this competent and substantial evidence that appellant did not possess a degree from an accredited college, had misstated his qualifications for the position of Correctional Manager, and was properly dismissed from that position.

Finally, the findings of the Commission are not arbitrary and capricious because they are based on substantial evidence. *Burrows v. County Court of Carter County*, 308 S.W.2d 299, 305[9] (Mo.App.1957).

The judgment is affirmed.

DOWD and CLEMENS, JJ., concur.