Malcolm MYERS, Appellant,

v.

Charles MORENO, Chairman, St. Louis Civil Service Commission, et al., Respondents.

No. 38822.

Missouri Court of Appeals, St. Louis District, Division Two.

March 21, 1978.

Ernest L. Keathley, Jr., St. Louis, for appellant.

James R. Hartung, Asst. City Counselor, St. Louis, for respondents.

STEPHAN, Judge.

This is an appeal from a decision of the circuit court affirming an order of the St. Louis Civil Service Commission dismissing appellant's case for failure to prosecute.

On May 24, 1974, appellant Malcolm Myers was dismissed from his employment as a photographer with the City of St. Louis. The dismissal followed a series of articles in the St. Louis Post-Dispatch which alleged that a number of full-time city employees, named in the articles, were devoting less than forty hours a week to their jobs. The city, in its notice of dismissal, charged that appellant was "unable or unwilling to perform the duties of his position in a satisfactory manner" and had "omitted to perform . . . acts it was his duty to perform."

On June 3, 1974, appellant, who is black, filed a notice of appeal to the St. Louis Civil Service Commission and stated his belief that the dismissal was ordered for "racial, religious or political reasons." A hearing date was set. On June 10, 1974, appellant filed a motion for discovery requesting certain items and information including every photographic film negative taken by appellant, the "date Log of each such negative . . . from the date his employment . . . began until May 24, 1974 . . ." The motion also asked for the name and address of each employee of the city against whom allegations "similar" to those against appellant had been made and the records showing disposition of each such case. The city voluntarily provided appellant with some of the information and documentation requested but not the foregoing. Upon appellant's request, a hearing was held before the commission on the city's refusal. As a result of that hearing, the commission denied appellant's request that the city be ordered to comply.

On January 20, 1975, appellant filed a motion for additional discovery requesting:

"8. Each photographic film negative or print together with the date log of each such negative or print, taken by employee, Malcolm Myers, in his capacity as Photographer I in the Department of Building & Inspection of the City of St. Louis, from January 1, 1973 through May 24, 1974;

"9. State the name, address and race of each employee of the City of St. Louis, who was subjected to disciplinary action by the City of St. Louis in the year 1974, after having been named in any one or more articles of a series of articles in the St. Louis Post Dispatch, written by Louis Rose or one or more other St. Louis Post Dispatch reporters and published in the St. Louis Post Dispatch during the years, 1973 and 1974 on the subject of the activities of St. Louis City employees during

and between the hours of 8:00 A.M. and 5:00 P.M. on Mondays through Fridays." When the city indicated that it would not comply with the motion for additional discovery, appellant on January 28, 1975 requested another hearing before the commission and asked that the hearing on the merits set for February 7 be continued until this motion had been heard and decided.

On February 3, 1975, the commission notified appellant's attorney by letter that it was denying his request for a hearing on the motion for additional discovery. It then made an equivocal reference to the request for continuance, which will be discussed in detail below. Neither appellant nor his attorney appeared for the hearing before the commission on February 7, 1975. The letter of February 3 was read into the record, and the commission dismissed the case with prejudice for failure to prosecute. In the petition for review filed in circuit court, appellant alleged that the commission's letter failed to advise that " . . . the hearing on the merits was still set for February 7, 1975 . . . "[1]

Appellant's principal contentions here are: (1) that the failure of the commission to grant him a hearing on his motion for additional discovery deprived him of property rights without due process; (2) that the material requested in the second motion was properly discoverable; and (3) that the commission, in dismissing the case when appellant failed to appear for the hearing, "erred in setting aside the continuance it granted on February 3, 1975 without first notifying the appellant . . . "

We consider first the question of the dismissal by the commission of appellant's case which, for reasons hereinafter set out, we hold to have been improper. Our review is governed by Chapter 536, RSMo, and is limited by § 536.140 in this case to a determination of whether the commission's actions violated constitutional principles or statutory requirements, was arbitrary and capricious, or constituted an abuse of its discretion. The question, however, does not arise as appellant frames it. Had the commission dismissed the cause without a hearing after clearly granting a continuance in its letter of February 3, it would be a simple matter to find its order arbitrary and unreasonable. The question is, rather, whether the commission's action violated any of the standards of § 536.140 in view of the letter which may or may not be read to have granted a continuance of the hearing.

Initially, we note that Missouri law recognizes the "inherent right and power of a court, of its own motion and independently of statute or court rule, to dismiss an action for failure to prosecute . . . ." *Bindley v. Metropolitan Life Insurance Co.,* 335 S.W.2d 64, 69[1] (Mo.1960); *Salle v. Holland Furnace Co.,* 337 S.W.2d 87, 90 (Mo.1960). In the absence of any express limitation in statute or regulation, an administrative body acting in a judicial capacity must be presumed to have the same power. It is also true, however, that as a matter of policy Missouri law favors the disposition of cases on their merit when possible. *Human Development Corporation v. Wefel,* 527 S.W.2d 652, 655[2] (Mo.App. 1975). The reason is simply that " . . . the purpose of all courts is to do justice, . . . " and the end of justice is best served when all litigants have had a chance to be heard. *Savings Finance Corporation v. Blair,* 280 S.W.2d 675, 678 (Mo.App.1955). It follows from this principle that "an ap-

1. In an affidavit filed with the circuit court appellant's attorney explained his failure to appear: he interpreted the letter of February 3 as granting a continuance; he believed that the notification requested in that letter concerned merely the time at which the continued hearing was to be rescheduled; he received a telephone call from the commission shortly before the hearing was scheduled to begin on February 7 informing him that the hearing was about to commence; he explained his misunderstanding about the letter of February 3 and asked for a continuance, inasmuch as he was scheduled to appear shortly in federal court; and the attorney for the city refused to agree to such a continuance. We need not weigh the propriety or credibility of the affidavit for the reason that we hold the letter to be ambiguous on its face. We do note, however, that the affidavit was included in the transcript which was approved by counsel for both parties.

pellate court is less likely to interfere when the trial court has set aside a default judgment than when it has not . . . ." *Levee District No. 4 of Dunklin County v. Small*, 281 S.W.2d 614, 618 (Mo.App.1955).

The commission's letter of February 3 was an attempt to notify the appellant of the date on which the hearing on the merits was to be held. We review the adequacy of that notice, for " . . . the first requirement of procedural due process is that adequate notice be given." *Valter v. Orchard Farm School District*, 541 S.W.2d 550, 557 (Mo.1976). Although § 536.067, RSMo prescribes the form and content of notices which institute administrative proceedings, there are no formal requirements relating to supplemental notifications concerning changes of time, location, etc. Consequently, adequacy of such notices must be measured by such general principles as " . . . due process of law is not satisfied unless the notice given is sufficient to make it reasonably probable that the party proceeded against would be apprised of what is going on . . . ," *In re Barger*, 365 S.W.2d 89, 97 (Mo.App.1963) and " . . . the notice should have been one reasonably calculated to apprise the plaintiff of the setting of the . . . case for disposition . . . ." *W. M. Crysler Company v. Smith*, 377 S.W.2d 134, 139 (Mo. App.1964).

The record shows that on November 26, 1974 appellant's attorney was notified by letter from the commission that the hearing was set for February 7, 1975. On January 28, 1975, the attorney requested a hearing on his motion for additional discovery and a continuance of the main cause. On February 3, the commission denied the request for a hearing on the motion and continued:

> "With regard to a continuance of the hearing, it will be necessary for the Commission to reset this at the end of the docket, which at the present time is in the month of June. Kindly advise me if you wish the matter continued until the first available date at the end of the Commission's docket."

This part of the letter is certainly susceptible to a reading that the commission was granting a continuance until June and would, upon request, move the case back further to the first available day; or that the commission would grant no continuance unless further advised by appellant's attorney. The first sentence leads one to believe that the continuance has been granted; the second leaves this in doubt. There is enough patent ambiguity in the letter to warrant a reasonable belief that the date of the hearing had been changed. In view of this ambiguity and the importance of the interests here involved, we hold that the notice given to the appellant was inadequate. We believe it "reasonably probable" that the recipient of such a letter, under the circumstances in which appellant's attorney read it, would be misled as to when he was to appear for the hearing. The commission's order dismissing the case is therefore void as a violation of due process.

We now turn to appellant's contentions relating to his claimed right to a hearing on his motion for additional discovery. Appellant predicates his claim upon certain provisions of Rule XIII, § 3(a) of the commission. A review of the transcript in the circuit court reveals that the first reference to this rule appears in a letter from appellant's counsel to the circuit court reporter ordering the preparation of the transcript. The letter, dated some twenty-nine days after the notice of appeal was filed, requests the reporter to include in the transcript St. Louis Civil Service Rules IX, XI, and XIII, §§ 1 through 8. The letter then continues that, "With this letter, I am including a copy of the City of St. Louis Civil Service Rules." The court reporter complied with the request, though noting that there are nine sections in Rule XIII but only §§ 1 through 8 were requested. There is no indication in the record that the circuit judge was aware of the content of the rule or of its inclusion in the transcript. However, as before noted, the assistant city counselor representing the commission approved the transcript without objection. Assuming but not deciding that such act made the rule a part of the record in this

 

case, we address the issue whether the commission should have granted appellant a hearing on his second discovery motion. We hold that the commission's denial of such a hearing was not error, deprived appellant of no rights to which he was entitled, and that the circuit court properly so held.

Rule XIII, § 3(a) provides:

"Hearings on matter involved in the administration and enforcement of Article XVIII and these rules not involving disciplinary action, shall be held upon receipt in writing, within (10) days after the effective date of such action, of a request for such hearing, in which is set forth the point at issue and reasons for the request."

Neither this nor any other rule included in the transcript at appellant's instance secures to him any prehearing discovery rights.[2] We are cognizant of appellant's right under Chapter 536, RSMo to take depositions, but this does not include other methods of discovery. This court recently said in *National Advertising Company v. State Highway Commission,* 549 S.W.2d 536, 541 (Mo.App.1977):

"Depositions, subpoenas and subpoenas duces tecum are provided for. Sections 536.070 and 536.073. Interrogatories are not mentioned. In the absence of such provision we must construe the statute to authorize only those methods of discovery specifically enumerated, and to exclude those not expressly mentioned. *Giloti v. Hamm-Singer Corp.,* 396 S.W.2d 711 (Mo. 1965) [1, 2]. Depositions and interrogatories are not the same."

Appellant's second discovery motion demands the production of certain items and documents and seeks information, the latter by way of interrogatory. Since appellant lacks access to such discovery mechanisms, the commission's refusal to hold a hearing on the motion was proper.

**2.** If there were any other St. Louis Civil Service Rule which made such provision, we could not take judicial notice of it. *Abbott v. Civil Ser-*

The cause is remanded to the circuit court for remand to the Civil Service Commission for a hearing on the merits.

STEWART, P. J., and REINHARD, J., concur.

*vice Commission of the City of St. Louis,* 546 S.W.2d 36, 37[1] (Mo.App.1976).