■ ALICE MITCHELL, Appellant, v KIAMESHA CONCORD, INC., Respondent. — Appeal (1) from an order of the Supreme Court at Special Term (Klein, J.), entered August 20, 1982 in Sullivan County, which granted defendant's motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon. Plaintiff commenced an action against defendant in April of 1980 seeking $1,000,000 for personal injuries alleged to have been sustained due to defendant's negligence while she was a guest at defendant's hotel in October of 1979. Defendant answered and made a demand for a bill of particulars. When plaintiff failed to serve a bill of particulars within the 10-day period provided by statute (CPLR 3042, subd [a]), defendant obtained a 10-day conditional order of preclusion. Upon failing to comply with the conditional order, plaintiff moved pursuant to CPLR 5015 (subd [a]) to be relieved of her default in making service of the bill of particulars. The motion was granted upon condition that plaintiff's attorneys pay defendant the sum of $500. Furthermore, plaintiff was allowed 10 additional days within which to serve the bill of particulars. When plaintiff again failed to timely serve the bill of particulars, defendant moved on November 4, 1981 for summary judgment. By order dated December 3, 1981, Special Term granted the motion "upon the merits, with prejudice". No appeal from this order was taken by plaintiff. Meanwhile, on November 17, 1981, at a time when defendant's summary judgment motion was pending but prior to Special Term's decision, plaintiff commenced the instant action upon the identical claim as that contained in the first action, with the sole difference being an increase in the *ad damnum* clause from $1,000,000 to $2,000,000. Defendant raised the affirmative defense of *res judicata* based upon the dismissal of the first action in its amended answer and subsequently moved on that ground for summary judgment. After the motion was referred to the Supreme Court Justice who had dismissed the complaint in plaintiff's initial action, Special Term granted the motion, stating: "This court will grant summary judgment since the claim upon which plaintiff is now proceeding has already been adjudicated against her. She had every opportunity to proceed but chose to ignore this court's orders, and will not be permitted to circumvent them." This appeal by plaintiff ensued. Special Term properly granted summary judgment dismissing the complaint. In our view, this case is analogous to the situation presented in *Palmer v Fox* (28 AD2d 968, affd 22 NY2d 667) wherein the Fourth Department, while noting that dismissals should not ordinarily be qualified as "upon the merits" when made before the close of the proponent's case, acknowledged that there were "exceptional circumstances" which would warrant such a dismissal (see CPLR 5013). The court in *Palmer* found such exceptional circumstances to exist and dismissed the second action "where a preclusion order foreclosing proof of the

cause of action is in effect and the only purpose of new litigation is to circumvent the preclusion decree" (*id.* at p 968). The same statement can be made about the instant case. Plaintiff not only had the original 10-day period provided by statute in which to serve her bill of particulars, but was given 10 days by the conditional order of preclusion and still 10 more days by the order which excused her default. Despite being given numerous opportunities to remedy all prior failures, plaintiff did not serve a bill of particulars. This continual disregard for court orders constituted the "exceptional circumstances" which justified Special Term in dismissing the first complaint upon the merits. That being so, it was equally proper for Special Term to dismiss plaintiff's second action on the basis of *res judicata* in order to prevent circumvention of its prior order (see *Barrett v Kasco Constr. Co.*, 56 NY2d 830). Order and judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.