(January 28, 1985)

■ ART GUILD GALLERY, INC., et al., Appellants, v RUSSELL CHARMACK et al., Respondents. — In an action, *inter alia,* to recover the value of goods sold and delivered, plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Cohalan, J.), dated April 18, 1983, which, *sua sponte,* dismissed their complaint, with prejudice, due to counsel's failure to appear on a "day certain" fixed for the continuation of a nonjury trial, and (2) an order of the same court, dated November 15, 1983, which denied their motion to restore the action to the Trial Calendar.

Orders reversed, in the exercise of discretion, without costs or disbursements, complaint reinstated and plaintiffs' motion to restore the action to the Trial Calendar granted on condition that plaintiffs' attorney personally pay $250 in costs to defendants within 30 days after the service upon her of a copy of the order to be made hereon with notice of entry; in the event that the condition is not complied with, then orders affirmed, without costs or disbursements.

Under the totality of the circumstances presented and especially in view of the fact that counsel's failure to appear on the adjourned date is not traceable to any persistent pattern of prolonged neglect either on the part of herself or her client (cf. *Headley v Noto,* 22 NY2d 1; *Jones v Maphey,* 50 NY2d 971), a proper balance of all of the relevant factors did not warrant the extreme sanction imposed by the court in this case. Rather, we believe that Trial Term's legitimate concern that "attorneys learn to live up to their [professional] commitments" will be better served by imposing a financial penalty upon the errant attorney, as we have done here (cf. *Mineroff v Macy & Co.,* 97 AD2d 535; *Matter of Levine,* 97 AD2d 545).

We pass upon no other issues. Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.