**628**

STATE of Missouri, ex rel. DEPART-
MENT OF SOCIAL SERVICES, DIVI-
SION OF HEALTH, Claimant-Appel-
lant,

v.

ESTATE OF Luella NIVENS, Deceased,
Hugh W. Nivens, Personal
Representative, Defendant-Respondent.

No. 13762.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 19, 1986.

D.B. Kammerer, Jefferson City, for claimant-appellant.

Andrew J. Hager, Jr., Mount Vernon, for defendant-respondent.

MAUS, Judge.

The State (herein called claimant) filed a claim for hospital services against the estate of Luella L. Nivens in the Probate Division of the Circuit Court of Lawrence County. The claimant took no action in court to establish that claim. On the day fixed for the approval of the final settlement in that estate, the court dismissed the claim. The claimant appeals.

A chronology of events pertinent to this appeal shown by the record follows:

| | |
|---|---|
| March 14, 1983— | Letters of administration granted. |
| March 24, 1983— | First publication of notice of letters. |
| September 15, 1983— | Claim filed with letter of instruction. |
| November 28, 1983— | Proof of publication of notice of final settlement filed. |
| December 7, 1983— | Petition for approval of final settlement, final settlement and proposed order of distribution filed. |
| December 9, 1983— | Letter from clerk to claimant advising of above filing and inquiry concerning claim. |
| December 13, 1983— | Letter received by claimant. |
| December 27, 1983— | Claim dismissed; final settlement approved and distribution ordered. |
| February 8, 1984— | Receipts of distributees filed and personal representative discharged. |
| March 13, 1984— | Motion to set aside dismissal, approval of final settlement and order of discharge. |
| April 17, 1984— | Hearing and motion overruled. |

The letter submitting the claim instructed the court, "We also request this claim not be set for immediate hearing. Due to logistics involved, we wish to review the inventory and contact the estate's attorney before proceeding." The petition for approval of the final settlement and order of distribution, the final settlement, and proposed order of distribution were on forms approved by the Missouri Probate Judges Association. The petition alleged the estate was in proper condition to be closed. The proposed order recited all claims had

been paid and ordered the distribution of personal property.

The letter from the clerk to the claimant reads as follows:

Please be advised that the Final Settlement in the above estate has been filed. Since you have an outstanding claim on file, I thought you should know.

I understand from Mr. Hager that he has talked with you about this claim. Will you please let me know what you would like done with it, withdrawn or what.

The Final Settlement is up for approval December 27, 1983.

The claimant has appealed from the order of April 17, 1984. An appeal from such an order could present a variety of issues. However, the obligation of this court is to consider the points presented by the claimant. *Smith v. Welch,* 611 S.W.2d 398 (Mo. App.1981). This opinion should not be construed to decide by implication any issues not presented by those points. Specifically, and without limitation, those issues include the conclusiveness of the order of approval and distribution and the power of the probate division of the circuit court to set aside that order.

■ As a prelude to consideration of the claimant's points, it is necessary to consider the nature of the power of the probate division of the circuit court to dismiss the claim. In 1960, in speaking of the circuit court, it was declared, "[t]he inherent right and power of a court, of its own motion and independently of statute or court rule, to dismiss an action for failure to prosecute is universally recognized, . . . and it has long been so recognized in Missouri." *Bindley v. Metropolitan Life Insurance Company,* 335 S.W.2d 64, 69 (Mo.1960) (citation omitted). See *Myers v. Moreno,* 564 S.W.2d 83 (Mo.App.1978); *Levee District No. 4 of Dunklin County v. Small,* 281 S.W.2d 614 (Mo.App.1955). Cf. § 510.150 and Rule 67. Also see §§ 472.140 and 472.141. It is manifest that the probate division *of the circuit court* has the inherent power to dismiss a claim for failure to prosecute.

Mo. Const. Art. V, §§ 14 and 27.2(b), amended 1976.

The claimant does not by a point on appeal deny the existence of this inherent power. It does so only by argument in a reply brief. In that argument it misconceives the duty of the court.

■ The claimant cites a portion of a statute. "[N]o claimant is entitled to payment unless his claim has been duly filed and allowed by the court. Upon the *adjudication* of any claim the court *shall* allow it in whole or in part, or disallow it." § 473.403 (emphasis by claimant). The claimant then argues, "[t]his clearly establishes the claim must be considered by the court in a formal hearing unless otherwise agreed to by the parties. Appellant's position is this requires the matter be set. If the Claimant fails to appear or fails to prove the claim, the court disposes of it." It was not the duty of the court to pursue the claim. It was the duty of the claimant to seek a trial setting. The statute cited does not militate against the inherent power of the court to dismiss a claim for failure to prosecute.

By its first point the claimant contends the court erred in dismissing the claim without notice. The estate first counters that for divers reasons such notice was not required. It is not necessary to pass upon that argument to sustain the estate's second argument that sufficient actual notice was given.

■ Needless to say, it would have been better practice for the court to have caused to be served upon claimant a copy of an order declaring that in the absence of good cause shown on December 27, 1983, the claim would be dismissed for failure to prosecute. However, the letter of December 9, 1983, does not fail as notice because of lack of formality. The measure of sufficient notice has received various expressions. "Notice in a legal sense includes a situation where information concerning a fact is actually communicated to a person. Such information is regarded as equivalent in its legal effects to full knowledge of the

fact. The term 'notice' without a further qualifying phrase, does not involve the idea of great formality." *State ex rel. Murphy v. Aronson*, 330 S.W.2d 140, 144 (Mo.App. 1959). Reasonable notice is one that provides an "[o]pportunity for a litigant to present his views as to the matters instantly before the court which may affect his rights ...." *Hoppe v. St. Louis Public Service Co.*, 361 Mo. 402, 235 S.W.2d 347, 350 (banc 1950), 23 A.L.R.2d 846. "Consequently, adequacy of such notices must be measured by such general principles as '... due process of law is not satisfied unless the notice given is sufficient to make it reasonably probable that the party proceeded against would be apprised of what is going on ... .'" *Myers v. Moreno, supra*, at 86. In this case the letter was adequate notice if it informed the claimant that in the absence of some action by it the claim could be dismissed.

◼ While there are limits to the literal application of the statement, it has been said "[a] party has a duty to keep abreast of all proceedings in a case from service of original process until final judgment ...." *Owens v. Vesely*, 620 S.W.2d 430, 433 (Mo. App.1981). Cf. *Myers v. Moreno, supra*. Certainly, it was the duty of the claimant to attach some significance to the fact the personal representative proposed to close the estate. The claimant was held to know the following. The estate could be closed upon publication of notice of final settlement six months and ten days subsequent to the first publication of notice of letters. § 473.540. It had instructed the court not to set the claim for hearing. On December 13, 1983, it had actual knowledge the petition, final settlement and proposed order of distribution had been filed. Those documents proposed the entry of an order finding all claims had been paid. The final settlement was set for approval on December 27, 1983. That process included the entry of an order of distribution.

The notice imparted by the letter is comparable to the notice in *Golden v. Euge*, 612 S.W.2d 362 (Mo.App.1980). In that case notice was given that a cause was assigned to the July Adjourned Day docket call for trial setting or dismissal, without giving the date of that docket call. Nonetheless, the plaintiff was held to have had notice of that call and the potential dismissal of his action.

By the letter the claimant was asked what it would like done with the claim, "withdrawn or what." Under these circumstances that is tantamount saying that there had to be some action in reference to that claim by December 27, 1983. It reasonably informed the claimant that if it disregarded the entreaty of the court for some direction concerning the claim, it would be dismissed. See *State ex rel. Ward v. Stubbs*, 374 S.W.2d 40 (Mo. banc 1964); *Bindley v. Metropolitan Life Insurance Company, supra*. In the context of *Golden* it was observed, "If a party neglects to look after the course of the proceeding in which he is involved, he should have no cause to complain about the court's action." *Golden v. Euge, supra*, at 363. The claimant's first point is denied.

◼ By its second point the claimant contends the court erred because the dismissal "was clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." Under this point the claimant emphasizes the length of time involved; that the claim had been filed only three and one-half months and the estate had been open only ten months. This argument overlooks the nature of the proceeding. The ultimate purpose of administration is to distribute the assets of the estate to the successors of the decedent.

◼ Under this point the claimant also argues the letter was misleading. It cites *Myers v. Moreno, supra*. In that case a hearing was set for February 7, 1975. The claimant filed a request for additional discovery and a motion for continuance. A letter of February 3, 1975, advised claimant that the request for additional discovery was denied. It continued, "[w]ith regard to a continuance of the hearing, it will be necessary for the Commission to reset this

at the end of the docket, which at the present time is in the month of June. Kindly advise me if you wish the matter continued until the first available date at the end of the Commission's docket." *Myers v. Moreno, supra,* at 86. The appellant did not appear on February 7, 1975, and his claim was erroneously dismissed for failure to prosecute. That case is inapposite. The letter of December 9, 1983, does not refer to a continuance. It could not have reasonably lulled the claimant into inactivity. It reasonably informed the claimant there had to be activity by December 27, 1983.

"[T]he dismissal for failure to prosecute will not be disturbed on appeal unless the discretion of the trial court has been abused." *Shirrell v. Missouri Edison Co.,* 535 S.W.2d 446, 448 (Mo. banc 1976). In determining the propriety of such a dismissal, each case must be considered upon its own facts. *State ex rel. State Highway Com'n v. Gould,* 592 S.W.2d 172, 175 (Mo. App.1979). "A fair test is whether the excepting party (here, appellant) had a reasonable opportunity to bring its exceptions to trial." *State ex rel. Mo. Highway & Transp. v. Kersey,* 663 S.W.2d 364, 368 (Mo.App.1983). The letter of December 9, 1983, demonstrates the claimant not only had the opportunity to bring its claim to trial, but was invited to do so. In view of the factors mentioned above, the nature of the proceeding and that invitation, reasonable men can differ about the propriety of the dismissal. The claimant did not establish an abuse of discretion. *State ex rel. Mo. Highway & Transp. v. Kersey, supra.* The judgment is affirmed.

PREWITT, C.J., HOGAN, P.J., and CROW, J. concur.