Lillie KNIGHT, Appellant,

v.

Douglas O. KITCHEN, et al.,
Respondents.

No. WD 38754.

Missouri Court of Appeals,
Western District.

July 28, 1987.

William J. Hill, Kansas City, for appellant.

Arthur H. Stoup, Shirley J. Swofford, Kansas City, for respondents.

Before BERREY, P.J., and KENNEDY and LOWENSTEIN, JJ.

KENNEDY, Judge.

Plaintiff filed a third-party petition for damages charging defendants Douglas O., Oliver A. and Shirley Kitchen with tortious interference with her contractual attorney-client relationship with one Rebecca DeMarea and with tortious interference in the negotiation and settlement of a will contest action in which plaintiff was representing DeMarea as contestant. Upon defendants' motion, the court dismissed the petition with prejudice. The motion asserted two grounds for dismissal—first, that the plaintiff was barred by the doctrine of collateral estoppel, and second, that plaintiff had failed to prosecute the action with due diligence. The court's order sustained the motion and dismissed the plaintiff's petition with prejudice, without specifying upon which of the grounds the order was based. It is this order of dismissal from which plaintiff prosecutes her appeal.

We affirm the judgment.

The present lawsuit had its genesis in a will contest in which plaintiff represented Rebecca DeMarea in the contest of DeMarea's deceased father's will. The will contest resulted in a verdict and judgment upholding the will. DeMarea appealed the adverse judgment and, while the appeal was pending, agreed with the proponents of the will upon a compromise settlement. The settlement resulted in the payment to DeMarea of the sum of $105,000. At this point, however, plaintiff and DeMarea got into a dispute over the amount of plaintiff's fee and litigation expenses advanced by plaintiff.

The $105,000 proceeds of the settlement were escrowed, and the escrow holder interpleaded plaintiff and DeMarea. That dispute was finally settled by the decision of this court in *Knight v. DeMarea*, 670 S.W.2d 59 (Mo.App.1984). The appeal ran its course on June 19, 1984, with the denial by the Supreme Court of plaintiff's motion to transfer, and our mandate was issued under date of June 20, 1984.

In the same interpleader action in which plaintiff's claim against DeMarea for attorney's fees was carried on, plaintiff also filed the third-party petition against the Kitchens claiming tortious interference by them with the attorney-client employment contract and the settlement negotiations. Upon the motion of defendant DeMarea, however, plaintiff's claim against her was ordered to be tried separately from plaintiff's claims against the Kitchens. The separate trial order was made September 2, 1981. After that date there was never any activity on the petition against the Kitchens. It lay dormant until it was dismissed by Judge Coburn on August 22, 1986.

The Kitchens' motion to dismiss was filed on July 14, 1986, with notice to plaintiff's counsel. No suggestions in opposition thereto were filed, nor was any request made for oral argument, provisions for which are made in the local court rules.

In these circumstances, we cannot hold that the trial court abused its discretion in dismissing the case for want of prosecution. Rule 67.02 authorizes a defendant to move for dismissal of the civil action against him on account of failure on the part of plaintiff to prosecute the action. It is well settled that the courts have inherent authority, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence. The decision as to whether the action has been diligently prosecuted must be made on a case-by-case basis. The trial court's decision on this matter will not be disturbed on appeal absent an abuse of discretion. Such an abuse is present when the decision is clearly contrary to the logic of the circumstances and so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Kralik v. Mortgage Syndicate, Inc.*, 673 S.W.2d 448, 449 (Mo.App.1984).

The cases cited by appellant in which a dismissal for want of prosecution has been reversed are cases in which some conspicuous feature made it unreasonably

harsh for the trial court to have dismissed the plaintiff's action for want of prosecution. In *Laurie v. Ezard,* 595 S.W.2d 336 (Mo.App.1980), plaintiff was in the process of moving his case toward trial when it was dismissed for want of prosecution. The court held that an earlier protracted period of inactivity on the case did not justify the dismissal. In *Horobec v. Mueller,* 628 S.W.2d 942 (Mo.App.1982), the plaintiff's only lapse of diligence in the prosecution of his case was counsel's tardiness in showing up for trial caused by a conflicting engagement in another court. In *Levee District No. 4 of Dunklin County v. Small,* 281 S.W.2d 614 (Mo.App.1955), the parties had by agreement, as a part of the settlement of their case, allowed the case to lie dormant. The trial judge dismissed the case and refused on plaintiff's motion—which was joined in and agreed to by the defendant—to set the dismissal aside.

There is in the present case no such feature as appeared in the above cases which make the trial court's dismissal unreasonable or unduly harsh.

On the other hand, the court's action is supported by *Shirrell v. Missouri Edison Co.,* 535 S.W.2d 446 (Mo. banc 1976), *Kralik v. Mortgage Syndicate, Inc.,* 673 S.W.2d 448 (Mo.App.1984), and *Cagle v. Klinkerfuss,* 504 S.W.2d 155 (Mo.App. 1973).

Having concluded that the trial court did not abuse its discretion in dismissing the case for want of prosecution, it is not necessary for us to consider the second ground of the motion for dismissal, to wit, that the plaintiff was precluded by collateral estoppel. "If either of the defendant's grounds asserted for dismissal support its motion, the order of the trial court ... must be affirmed." *McClellan v. Highland Sales & Investment Co.,* 514 S.W.2d 371, 374 (Mo.App.1974).

The judgment is affirmed.

All concur.