■ In the Matter of STACEY O., Appellant, v DONALD P., Respondent.—Levine, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered February 13, 1987, which denied petitioner's motion to vacate or modify prior orders dismissing her paternity petitions.

In March 1985, a paternity proceeding was commenced on behalf of petitioner by the Delaware County Department of Social Services alleging that respondent was the father of petitioner's child, born February 9, 1981. A fact-finding hearing was scheduled for February 10, 1986. When petitioner failed to appear on that date, Family Court granted respondent's request that the case be dismissed, adding, *sua sponte,* that the dismissal be with prejudice.

Thereafter, in November 1986, a second paternity petition was filed with Family Court, this time by petitioner herself, again alleging that respondent was the father of her child. The parties were scheduled to appear in court for the first time on January 6, 1987. It is evident from the record that, on January 5, 1987, petitioner retained counsel to represent her in this matter and that counsel contacted Family Court by telephone and was informed that only petitioner needed to appear in court the following day. On January 6, 1987, with both parties present without counsel, Family Court summarily dismissed the petition on the ground that it was barred by res judicata since the earlier petition had been dismissed "with prejudice". Petitioner then moved to vacate the second order of dismissal which had been rendered without notice or, alternatively, to modify or vacate the first order of dismissal on the ground that it should not have been "with prejudice". Although the motion was unopposed, it was denied by Family Court. Petitioner appeals from the order denying her motion.

To determine whether Family Court properly denied the motion to vacate the order dismissing the second petition, we must first decide whether Family Court correctly gave res judicata effect to the dismissal of the first petition. A court has discretion to specify whether its order dismissing a claim is to have res judicata effect *(see,* CPLR 5013, 3216 [a]). Even where a dismissal is specifically "on the merits" or "with prejudice", the circumstances must warrant barring the litigant from further pursuit of his claim in order for those phrases to be given preclusive effect *(see, Art Guild Gallery v Charmack,* 107

AD2d 777; *see also,* 5 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 5011.11, 5013.02).

In the instant case, it is undisputed that the dismissal of the first petition was based at least in part, if not solely, on petitioner's failure to appear in court on the date scheduled for the fact-finding hearing. A dismissal based upon a party's failure to appear is not on the merits *(see, Greenberg v De Hart,* 4 NY2d 511, 516-517). Family Court states, however, in its decision on petitioner's motion to vacate, that its order dismissing the first petition was:

"not based merely upon non appearance *[sic]* of the petitioner. The Court had before it the results of a human leucocyte antigen test certified pursuant to CPLR 4518 (c) which had been requested by the respondent * * *

"The Court noted that the human leucocyte antigen test, in the absence of any other evidence from the petitioner, was insufficient by itself to establish a prima facie case."

Family Court, however, never mentioned the human leucocyte antigen test in connection with its decision to dismiss the first petition or in the order which followed. In any event, even assuming that Family Court could properly consider the test results, which had never been offered into evidence, and base its dismissal on petitioner's failure to establish a prima facie case, it was nonetheless an abuse of discretion to dismiss the petition with prejudice since it appeared that the necessary proof was available if a new proceeding was to be commenced *(see, Giglio v Haber,* 19 AD2d 793).

Moreover, although a court may dismiss a claim with prejudice where it finds that exceptional circumstances or an unreasonable neglect to prosecute merits this extreme sanction *(see, Jones v Maphey,* 50 NY2d 971, 973; *Mitchell v Kiamesha Concord,* 94 AD2d 914, *lv denied* 60 NY2d 558), petitioner's failure to appear in court on February 10, 1986 did not justify barring petitioner from further attempts to establish respondent's paternity *(see, Art Guild Gallery v Charmack, supra).* Accordingly, it was error for Family Court to deny petitioner's motion to vacate the order dismissing the second petition.

Order modified, on the law, without costs, by reversing so much thereof as denied the motion to vacate the order dated January 8, 1987; motion granted to that extent and petition dated November 12, 1986 reinstated; and, as so modified,

affirmed. Kane, J. P., Casey, Levine, Harvey and Mercure, JJ., concur.