**O.S.G., a minor child by next friend L.G., and L.G. individually, and Division of Child Support Enforcement, Appellants,**

v.

**G.B., Jr., Respondent.**

**No. 17146.**

Missouri Court of Appeals, Southern District, Division One.

March 15, 1991.

Richard Goldstein, Cape Girardeau, for appellants.

Lynn N. Bock, New Madrid, for respondent.

CROW, Judge.

This is an action under the Uniform Parentage Act, §§ 210.817–.852, RSMo Cum. Supp.1989. Plaintiffs are: (1) O.S.G., a minor child, (2) L.G., inferably the child's mother although the petition does not so allege, and (3) as we deduce it, the Division of Child Support Enforcement.[1] The defendant is G.B., Jr., the alleged natural father of the child.

On August 14, 1990, the trial court dismissed the action because of plaintiffs'

"failure to appear & prosecute said cause of action."[2]

Plaintiffs appeal. Their single point relied on avers the trial court erred in that, *inter alia*, plaintiffs did not fail to prosecute the action diligently, defendant never filed an answer to the petition, and the case was not at issue.

■ The record on appeal consists solely of a legal file. It, together with the facts agreed on by the parties in their respective briefs,[3] establishes the following procedural history.

Plaintiffs filed their "Petition for Declaration of Paternity and Order of Support" September 26, 1989, accompanied by a motion praying the trial court "to order the parties to submit to blood tests."

Defendant was served October 5, 1989.

On February 13, 1990, plaintiffs' lawyer and defendant appeared in the trial court. An entry on the court's docket sheet that date shows the court referred defendant to "SEMO Legal Services" and directed him to reappear March 13, 1990, with counsel.

Plaintiffs' lawyer appeared in the trial court March 13, 1990. An entry on the docket sheet that date reads: "Hearing set for April 24, 1990...."

On April 24, 1990, lawyer Lynn N. Bock filed an entry of appearance as counsel for defendant. Defendant and his lawyer appeared in the trial court that date. By agreement, the action was set for hearing August 14, 1990.

---

1. The Division of Child Support Enforcement, established within the Department of Social Services, § 454.400, RSMo Cum.Supp.1990, is authorized to bring actions under § 210.826, RSMo Cum.Supp.1989, to determine the existence of the father and child relationship. The caption of the petition names the suing agency as the Division of Family Services (see § 207.010, RSMo 1986). The body of the petition mentions the "State Division of Child Support" and the "State of Missouri Division of Child Support Enforcement." Beneath counsel's signature on appellants' brief is: "Missouri Division of Child Support Enforcement."

2. Rule 67.03, Missouri Rules of Civil Procedure (1990), provides that subject to certain excep-

tions inapplicable here, any involuntary dismissal shall be with prejudice unless the order for dismissal specifies otherwise. The order here did not specify otherwise. Under Rule 67.03, a dismissal with prejudice bars assertion of the same cause of action or claim against the same party. Henceforth, rule references in this opinion are to Missouri Rules of Civil Procedure (1990).

3. Where a statement of fact is asserted in one party's brief and conceded to be true in the adversary's brief, we may consider it as though it appeared in the record. *Nastasio v. Cinnamon*, 295 S.W.2d 117, 119[1] (Mo.1956); *Earls v. Farmers Production Credit Ass'n*, 763 S.W.2d 694, 696[2] (Mo.App.1988).

On May 1, 1990, plaintiffs filed a set of 25 interrogatories to defendant and a motion requesting him to produce certain documents regarding his earnings and taxes.

On August 14, 1990, defendant and his lawyer appeared in the trial court. No plaintiff appeared, either in person or by counsel. The trial court dismissed the action, as reported in the second paragraph of this opinion.

On August 20, 1990, plaintiffs filed a motion praying the trial court to set aside the dismissal and to compel defendant to answer the interrogatories and produce the requested documents.

The trial court denied the motion to set aside the dismissal August 28, 1990. This appeal followed.

■■■ Courts have inherent power, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence. *Shirrell v. Missouri Edison Co.*, 535 S.W.2d 446, 448[1] (Mo. banc 1976). Such a dismissal will not be disturbed on appeal unless discretion was abused. *Id.* Judicial discretion is abused when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration; if reasonable persons can differ about the propriety of the action taken by the trial court, then it cannot be said the trial court abused its discretion. *Id.* at 448[2].

■■■ In deciding whether to order dismissal for failure to prosecute, a trial court may consider not only the length of delay, but attendant circumstances. *State ex rel. Mo. Highway and Transportation Comm'n. v. Kersey*, 663 S.W.2d 364, 367[4] (Mo.App.1983); *State ex rel. State Highway Comm'n. v. Milnes*, 573 S.W.2d 727, 728 (Mo.App.1978). Whether an action has been diligently prosecuted must be decided on a case-by-case basis. *Knight v. Kitchen*, 733 S.W.2d 864, 865[2] (Mo.App.1987);

*Kralik v. Mortgage Syndicate, Inc.*, 673 S.W.2d 448, 449[2] (Mo.App.1984).

■■■ Attendant circumstances in the instant case include defendant's failure to file an answer to plaintiffs' petition within the time required by Rule 55.25(a). An action under the Uniform Parentage Act is a civil action governed by the rules of civil procedure. § 210.839.1, RSMo Cum.Supp. 1989. A party who fails to file an answer to a petition within the time required is held to have admitted the allegations in the petition. *State ex rel. Webster v. Eisenbeis*, 775 S.W.2d 276, 281[3] (Mo.App.1989). We are mindful it has been held that until a plaintiff moves for an interlocutory default judgment,[4] a defendant is free to appear and file an answer. *Great Western Trading Co. v. Mercantile Trust Co.*, 661 S.W.2d 40, 44[7] (Mo.App.1983). Defendant's failure to file an answer in the instant case nonetheless demonstrates plaintiffs' lawyer was not the only one treating the action lackadaisically.

Additionally, defendant did not answer or object to plaintiffs' interrogatories within the time required by Rule 57.01(a), and failed to serve a written response to plaintiffs' motion to produce within the time required by Rule 58.01(b). In their motion to set aside the order of dismissal, plaintiffs averred the case was not ready for trial on the appointed date because discovery was "still pending."

Another attendant circumstance is the presence in the record of a report of results of tests on blood from O.S.G., L.G., and defendant. The blood was evidently drawn November 27, 1989. The record yields no clue as to how that came about. The report does, however, show the blood was tested at Roche Biomedical Laboratories, Burlington, North Carolina. According to the report, defendant cannot be excluded as the biological father of O.S.G., and "the probability of paternity is 96.86%, as compared to an untested, unrelated man of the [same race]."

---

**4.** Section 210.839.5, RSMo Cum.Supp.1989, provides that if any party to an action under the Uniform Parentage Act fails to file his answer within the prescribed time, the court may enter judgment against him by default.

A further circumstance is the absence of any indication in the record that L.G. failed to cooperate with her lawyer or became apathetic about the case. Plaintiffs' motion to set aside the order of dismissal averred their lawyer inadvertently failed to notify the trial court the action was not ready for trial and to request a continuance.

■ Protection of the interest of the child, O.S.G., necessarily depends on the efforts of others. Courts should be particularly solicitous of the protection of the interests of minors. *Peoples–Home Life Ins. Co. v. Haake,* 604 S.W.2d 1, 6[4] (Mo. App.1980). Additionally, as a matter of policy Missouri law favors disposition of cases on their merit when possible. *Myers v. Moreno,* 564 S.W.2d 83, 85[3] (Mo.App. 1978).

We find no Missouri appellate decision addressing the dismissal of a paternity action for failure to prosecute. There is, however, a New York case.

In *Stacey O v. Donald P,* 137 A.D.2d 965, 525 N.Y.S.2d 385 (3 Dept.1988), a public agency commenced a paternity proceeding on behalf of a mother against the alleged father of her minor child. The mother failed to appear at a scheduled fact-finding hearing. The trial court thereupon granted the alleged father's request for dismissal, with prejudice. Nine months later the mother commenced an identical proceeding against the same man concerning the same child. The trial court dismissed the proceeding on the ground it was barred by res judicata, as the earlier proceeding had been dismissed with prejudice. On appeal from the second dismissal, the appellate court held the earlier dismissal with prejudice was an abuse of discretion, as it appeared proof was available for a prima facie case against the alleged father if a new proceeding were commenced. 525

N.Y.S.2d at 386[3]. The appellate court ordered the second proceeding reinstated. *Id.* at 387.

■ Analogous circumstances exist here. It appears from the blood test report there is evidence defendant's probability of paternity is 96.86 per cent.[5] The dismissal was involuntary and the order did not specify it was without prejudice. Unless reversed, the order will bar reassertion of the paternity claim against defendant.[6]

The instant action had been pending less than eleven months when the trial court dismissed it. During that time there was a blood test of the three individuals involved, defendant (as directed by the trial court) obtained a lawyer, and plaintiffs served interrogatories and a motion to produce on defendant.[7] Had defendant answered the interrogatories in a timely fashion and complied with the motion to produce, it is possible plaintiffs would have been ready to try the case on the appointed date. In any event, the action had not lain dormant an excessive time prior to dismissal.

We understand the trial court's frustration at the unexplained absence of plaintiffs and their lawyer on the hearing date. We are not oblivious of the heavy caseload borne by Missouri trial judges. Backlogs accumulate when cases are not heard and determined on schedule. The failure of plaintiffs' lawyer to (1) appear on the hearing date, or (2) request a continuance a reasonable time in advance, is inexcusable.

However, we believe the child's interest should not be sacrificed because of counsel's inattention. The child has a vital interest in a determination of whether defendant is the father. So does defendant.

We hesitate to reverse a trial court's discretionary ruling. However, we hold that in the circumstances here the trial court abused its discretion. The order of

---

5. For a discussion of the terms "probability of exclusion" and "likelihood of paternity" see *Imms v. Clarke,* 654 S.W.2d 281 (Mo.App.1983).

6. Footnote 2, *supra.*

7. There was other activity, the reason for which is unexplained by the record. The docket sheet

shows a summons was served on one J.W. October 11, 1989. A summons was also issued to one A.F., but returned "non-est" October 16, 1989. Neither of those individuals was named as a party in plaintiffs' petition or otherwise mentioned in the record.

dismissal is reversed and the cause is remanded.

MAUS, P.J., and PREWITT, J., concur.