■ MARIA JESPERSEN, Respondent, v LI SHENG LIANG, Appellant. [890 NYS2d 103]—

The plaintiff alleges that on May 23, 2002 she and the defendant were involved in a motor vehicle accident in which the plaintiff was injured. On October 17, 2003 the plaintiff commenced an action in the Supreme Court, Suffolk County, against the defendant to recover damages for her injuries (hereinafter the first action). The defendant did not interpose an answer and eventually the plaintiff moved for leave to enter a default judgment. The defendant opposed the motion arguing, inter alia, that he had never been served with process. In an order dated March 23, 2005, the Supreme Court, Suffolk County, among other things, directed that a hearing be held to determine the validity of service of process. Before the hearing was held, the

plaintiff commenced this action (hereinafter the second action) against the defendant based on the same accident by filing a summons and complaint with the Suffolk County Clerk on May 20, 2005.

Thereafter, on June 14, 2005, counsel for both sides appeared for the hearing in the first action. At the beginning of the hearing, the plaintiff's counsel requested that the court "[mark the case] dismissed without prejudice [since] we have recommenced the action." The court and counsel then discussed the payment of costs, and in particular, who was going to be responsible for payment of the services of a Mandarin interpreter. During this colloquy the defendant's counsel requested that "the case be dismissed with prejudice and I'm going to ask that the court award costs to the defendant." However, there was never any discussion of the merits. At the conclusion of the colloquy, the Supreme Court (Cohalan, J.) stated that it was "denying the plaintiff's motion to dismiss this case without prejudice, is granting the defendant's motion to dismiss this case with prejudice, and is also granting the defendant's request for costs for the interpreter." This decision was never reduced to a written order or judgment.

Approximately one month later, the defendant was personally served with process in the second action. The defendant did not interpose an answer thereto and, by notice of motion dated July 11, 2006, the plaintiff moved for leave to enter a default judgment. The defendant cross-moved, inter alia, to dismiss the second action "because a prior action with the same parties was previously dismissed with prejudice." The Supreme Court, among other things, denied the cross motion, holding, inter alia, that the dismissal of the first action was not on the merits.

As a general rule, a dismissal "with prejudice" signifies that the court intended to dismiss the action "on the merits" (*Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp.*, 93 NY2d 375, 380 [1999]). However, an oral decision which has never been reduced to a written order or judgment is not entitled to res judicata effect and thus is ineffective as a bar to subsequent proceedings (*see Towne v Asadourian*, 277 AD2d 800 [2000]; *Begelman v Begelman*, 170 AD2d 562 [1991]; *see also* 73 NY Jur 2d, Judgments §§ 354, 436, 437). Moreover, it is clear from the hearing transcript, as well as from the order appealed from, that the Supreme Court did not intend its dismissal of the first action to be on the merits. In addition, while a "duplicate" action is subject to dismissal pursuant to CPLR 3211 (a) (4), there was no procedural bar to the plaintiff commencing the second action before the first action had been dismissed.

Accordingly, the court properly denied the defendant's cross motion to dismiss the complaint in the second action.

The defendant's remaining contentions are without merit. Fisher, J.P., Covello, Santucci and Balkin, JJ., concur.