State of New York Mtge. Agency v Massarelli (2018 NY Slip Op 08732)





State of New York Mtge. Agency v Massarelli


2018 NY Slip Op 08732


Decided on December 20, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 20, 2018

526568

[*1]STATE OF NEW YORK MORTGAGE AGENCY, Respondent,
v
JULIANE MASSARELLI, Also Known as JULIANE O'BRIEN, Appellant, et al., Defendants.

Calendar Date: November 16, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Devine and Clark, JJ.


Timothy R. Shevy, Castleton, for appellant.
McCabe Weisberg & Conway PC, New Rochelle (Christopher M. McKniff of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from an order of the Supreme Court (Ryba, J.), entered June 30, 2017 in Albany County, which denied defendant Juliane Massarelli's motion to dismiss the complaint against her.
In 2005, defendant Juliane Massarelli (hereinafter defendant) executed a promissory note and rider that were secured by a mortgage encumbering real property in the City of Albany. The mortgage names HSBC Mortgage Corporation (USA) as the lender. Plaintiff, alleging that defendant had defaulted on her mortgage payments and purporting to be HSBC's assignee, commenced a mortgage foreclosure action in 2012. Defendant raised the affirmative defense of standing in her answer and moved to dismiss the complaint on that ground. The return date of the motion was adjourned twice on consent for about 45 days in total, but plaintiff ultimately failed to submit opposition. Supreme Court (Platkin, J.) accordingly executed an order in 2013, drafted by defendant, that granted the motion and dismissed the complaint "with prejudice."
In 2016, further efforts were made to collect the debt. Defendant alerted plaintiff's new counsel to the dismissal of the 2012 action, but then executed a stipulation that purportedly discontinued the 2012 action "without prejudice." Plaintiff thereafter commenced the present mortgage foreclosure action. Defendant, in lieu of serving an answer, moved to dismiss the complaint as barred by res judicata (see CPLR 3211 [a] [1], [5]). Supreme Court (Ryba, J.) denied the motion and directed defendant to serve an answer, and defendant now appeals.
We affirm. " Under the doctrine of res judicata, a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter" (Matter of Hunter, 4 NY3d 260, 269 [2005]; see Landau, P.C. v LaRossa, Mitchell & Ross, 11 NY3d 8, 12 [2008]). The only one of those elements in dispute here is [*2]whether the dismissal of the 2012 action was on the merits, which the use of the term "with prejudice" in the dismissal order would ordinarily indicate (see Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp., 93 NY2d 375, 380 [1999]; Jespersen v Li Sheng Liang, 68 AD3d 724, 725 [2009]; Matter of Coleman v Coleman, 1 AD3d 833, 834 [2003]). That said, "the circumstances must warrant barring [plaintiff] from further pursuit of [the] claim in order for th[at] phrase[] to be given preclusive effect" (Matter of Stacey O. v Donald P., 137 AD2d 965, 965 [1988]), which need not occur "if the original determination was actually narrower than would appear from the use of the phrase, or if such construction is otherwise necessary to do justice" (10-5011 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 5011.11; see e.g. Jespersen v Li Sheng Liang, 68 AD3d at 725).
Defendant used the terms "capacity" and "standing" in her efforts to dismiss the 2012 action (see e.g. Matter of World Trade Ctr. Lower Manhattan Disaster Site Litig., 30 NY3d 377, 384 [2017]), but her motion papers reflect that the issue was one of standing (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362 [2015]). Regardless of how defendant framed her argument, however, the order of dismissal that resulted from it would not normally be entitled to res judicata effect because it was focused on plaintiff's ability to bring the 2012 action rather than "the merits of the claim" itself (Landau, P.C. v LaRossa, Mitchell & Ross, 11 NY3d at 14; see Alco Gravure, Inc. v Knapp Found., 64 NY2d 458, 465 [1985]; Wells Fargo Bank, N.A. v Ndiaye, 146 AD3d 684, 684 [2017]; Caliguri v JPMorgan Chase Bank, N.A., 121 AD3d 1030, 1031 [2014], lv denied 25 NY3d 911 [2015]). To accord res judicata effect to the dismissal order would bar a court from ever addressing the merits of plaintiff's mortgage foreclosure claim, even if plaintiff became able to demonstrate its standing to sue (see Tico, Inc. v Borrok, 57 AD3d 302, 302 [2008]), and there is nothing in the record to suggest that Supreme Court (Platkin, J.) perceived "exceptional circumstances or an unreasonable neglect to prosecute" that would warrant such an "extreme sanction" (Matter of Stacey O. v Donald P., 137 AD2d at 965; see CPLR 5013; Palmer v Fox, 28 AD2d 968, 968 [1967], affd 22 NY2d 667 [1968]). Moreover, while the subsequent stipulation to discontinue the 2012 action was ineffective as having been entered into after "the case ha[d] been submitted to the court" and dismissed (CPLR 3217 [a] [2]; see CPLR 3217 [b]; Stone Mtn. Holdings, LLC v Spitzer, 119 AD3d 548, 549 [2014]), it is telling that defendant was willing to disregard the "with prejudice" language in the order of dismissal and instead discontinue the 2012 action "without prejudice." The foregoing circumstances call for a narrow construction of the "with prejudice" language in the order dismissing the 2012 action, and we deem that phrase to "mean no more than that" plaintiff was precluded from commencing a new mortgage foreclosure action until it could establish standing to do so (Putvin v Buffalo Elec. Co., 5 NY2d 447, 450 [1959]). Thus, the dismissal of the 2012 action did not preclude plaintiff from maintaining the present one.
Defendant's remaining argument, to the extent that it is properly before us, has been considered and rejected.
Garry, P.J., McCarthy, Egan Jr. and Clark, JJ., concur.
ORDERED that the order is affirmed, with costs.