Matter of Rockland County Dept. of Social Servs. v Marese W. (2020 NY Slip Op 01507)





Matter of Rockland County Dept. of Social Servs. v Marese W.


2020 NY Slip Op 01507


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-08173
 (Docket No. P-2293-18)

[*1]In the Matter of Rockland County Department of Social Services, on behalf of Chrystal J. (Anonymous), appellant, 
v
Marese W. (Anonymous), respondent.


Antonio F. Reda, Pomona, NY, for appellant.



DECISION & ORDER
In a paternity proceeding pursuant to Family Court Act article 5, the petitioner appeals from an order of the Family Court, Rockland County (Rachel E. Tanguay, J.), dated March 29, 2019. The order denied the petitioner's objection to so much of an order of the same court (Patricia Brimais-Tenemille, S.M.), dated February 7, 2019, as provided that the dismissal of its paternity petition was with prejudice.
ORDERED that the order dated March 29, 2019, is reversed, on the law, without costs or disbursements, the petitioner's objection is granted, so much of the order dated February 7, 2019, as dismissed the paternity petition with prejudice is vacated, and the paternity petition is dismissed without prejudice.
In an order dated February 7, 2019, the Support Magistrate dismissed this paternity petition with prejudice, before the close of the petitioner's evidence, "due to failure to state cause of action." The petitioner filed an objection, arguing that the dismissal should not have been with prejudice. In an order dated March 29, 2019, the Family Court denied the objection, and the petitioner appeals.
We agree with the petitioner that it was improper for the petition to be dismissed with prejudice under these circumstances. Thus, the petitioner's objection should have been granted, and the petition should have been dismissed without prejudice (see CPLR 5013; Matter of Stacey O. v Donald P. , 137 AD2d 965; Roland v Hubbard , 36 AD2d 599).
Accordingly, we reverse the order dated March 29, 2019, grant the petitioner's objection, vacate so much of the order dated February 7, 2019, as dismissed the paternity petition with prejudice, and dismiss the paternity petition without prejudice.
AUSTIN, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court