Carol CAGLE and Rebecca Cagle, by and through their next friend, Betty Cagle, Plaintiffs-Appellants,

v.

Betty Lou KLINKERFUSS, Defendant-Respondent.

No. 34915.

Missouri Court of Appeals, St. Louis District, Division Two.

Dec. 18, 1973.

Elmer C. Oberhellmann, Kramer, Chused, Kramer, Shostak & Kohn, Lloyd A. Palans, Burton H. Shostak, St. Louis, for plaintiffs-appellants.

Kortenhof & Ely, Joseph M. Kortenhof, St. Louis, for defendant-respondent.

McMILLIAN, Judge.

Plaintiffs, Carol and Rebecca Cagle, by their next friend Betty Cagle, appeal from the judgment of the Circuit Court of St. Charles County in favor of defendant Betty Lou Klinkerfuss. The order appealed from dismissed with prejudice plaintiffs' wrongful death action which arose out of an automobile collision for failure to prosecute. We affirm the judgment of the Circuit Court.

Dennis Cagle, the decedent, was the husband of plaintiff Carol Cagle and the father of plaintiff Rebecca Cagle. In January, 1971 the decedent was killed as a result of a collision between the automobile being operated by Gerald Haarmann in which he was a passenger and a vehicle driven by defendant.

In May 1971, plaintiffs dismissed their cause of action against defendant Haarmann with prejudice. In October 1971, defendant filed a request for a trial setting. From June 25, 1971 to July, 1972 the case lay dormant until defendant filed her motion to dismiss for failure to prosecute.

On July 19, 1972, it is not disputed that plaintiffs were served a notice calling up defendant's motion to dismiss for failure to prosecute, and that the motion was set for argument on July 28, 1972. Plaintiffs notified neither defendant's counsel nor the court that plaintiffs' counsel could not be present. Consequently, the court sustained defendant's motion to dismiss. On August 9, 1972, plaintiffs filed their motion to set aside the dismissal order; however, plaintiffs' motion was overruled after oral argument on September 5, 1972.

Plaintiffs' motion to set aside the dismissal order was vague and cast in generalities. And, in no way did the motion inform the court of the reason for his lack of due diligence either to prosecute the case or to account for his failure to respond to the notice of dismissal.

Plaintiffs claim the court committed error in ordering the dismissal with prejudice in that it abused the discretion reposed in it because (1) an inordinate length of time of inaction on the part of plaintiffs had not occurred; (2) plaintiffs had no intent not to prosecute; (3) had not acted in bad faith; (4) had not abandoned their cause of action; (5) had not sought to harass the defendant; (6) had not defaulted at a trial setting where no date had been set; and (7) on the day of the hearing on the motion to dismiss plaintiffs' counsel had to appear in another court on two other matters.

■ The rule is that courts have inherent power in the exercise of sound judicial discretion to dismiss a case for failure to prosecute with due diligence, and the action thereon will not be disturbed on ap-

peal unless such discretion was abused. Esslinger v. Roach, 463 S.W.2d 861 (Mo. 1971). This authority exists even apart from statute or rule of court.

 Our reading of the transcript and the briefs find nothing contained therein which would constrain us to hold that there had been a judicial abuse of discretion. Here, counsel filed the suit, and for some untold reason failed to vigorously bring it to fruition. And when notified of a pending dismissal neither appeared nor notified the court that he could not be present, or to have someone else inform the court on his behalf. Accordingly, we affirm the judgment.

Judgment affirmed.

SMITH, P. J., and GUNN, J., concur.