**YELLOW SERVICE COMPANY, INC., Respondent,**

v.

**HUMAN DEVELOPMENT CORP. OF ST. LOUIS, Appellant.**

No. 37427.

Missouri Court of Appeals, St. Louis District, Division Two.

July 13, 1976.

Louis Gilden, Doreen D. Dodson, St. Louis, for appellant.

Robert W. Henry, Clayton, for respondent.

CLEMENS, Presiding Judge.

Plaintiff-lessor received a $4,500 jury verdict and judgment for damages done to its building by defendant-lessee's failure to maintain the premises in good repair.

Defendant-lessee, Human Development Corporation, rented office space from plaintiff-lessor Yellow Service Company, Inc., agreeing to keep "the premises, and all parts thereof . . . in good and substantial repair and in tenantable condition." Upon inspection when defendant vacated the building, plaintiff found broken venetian blinds, missing ceiling tile, bolt holes in the floor, numerous places in which paint was removed from the walls and names painted in gold spray paint on a wall in a washroom. Plaintiff's witness, Spencer Longhibler, a painting contractor, testified he had examined the building and observed the described damage. He testified to the repair work he had done, the price he had charged and the reasonableness of that price. When specifying the repairs he had done, Longhibler stated he had "contracted" to do various repair jobs on the premises for $2,439. Defendant unsuccessfully objected and requested a mistrial on the grounds the contract between plaintiff-lessor and Longhibler was not binding upon defendant-lessee. The trial court ruled Longhibler had merely testified as to the work he had done and the price he charged for it. Defendant then asked that the contract between Longhibler and plaintiff be produced, contending the best evidence rule so required. The court disagreed, on the grounds that the facts establishing the reasonableness of the charge for repairs to the premises existed independently of the contract and therefore the contract was secondary, not primary evidence on the issue of damages.

On appeal, defendant urges us to find reversible error in the trial court's actions relating to the contract between Longhibler and plaintiff. We are unable to ascertain from the points relied on portion of defendant's brief exactly what theory of law defendant believes requires reversal: "The court committed prejudicial error in permitting oral testimony concerning an existing written contract between plaintiff and Mr. Spencer Longhibler for repairs to the premises, when the written contract was available to plaintiff," and "the court erred in shifting the burden of proof to defendant by placing the burden of producing the written contract between plaintiff and Longhibler on the defendant." These are abstract statements and fail to comply with Rule 84.04(d), requiring points relied on to state briefly and concisely what rulings are erroneous and "wherein and why they are claimed to be erroneous." See *Thigpen v. Dodd's Truck Lines, Inc.*, 498 S.W.2d 816[5, 6] (Mo.App.1973). The requirements of Rule 84.04 are to be strictly applied. *Long v. Lincoln*, 528 S.W.2d 512[1, 2] (Mo.App.1975). Defendant may not rely on this court on appeal to piece together its case from abstract points relied on. Defendant's quoted points preserve nothing for review.

In reviewing defendant's second contention that there was no evidence to support an instruction regarding defendant's failure to maintain the premises in good repair, we consider the evidence most favorable to plaintiff's verdict. *Frantz v. State Farm Mutual Automobile Insurance Co.*, 526 S.W.2d 345[1] (Mo.App.1975). Defendant admits the washroom wall had names spray painted on it; this alone contradicts defendant's assertion there was *no* supportive evidence. The record further shows evidence of broken venetian blinds, bolt holes, missing ceiling tile and other facts from which a jury could conclude defendant failed to maintain the premises in good repair. Defendant's second contention is without merit.

Defendant finally contends the court erred in giving MAI 4.01 (Modified) because the jury had no evidence of the amount of damages to be assessed against defendant. In determining what would fairly compensate plaintiff for damages done by defendant, the jury could consider the cost of restoring the damaged property to its former condition, and, if that amount is not enough, the diminution in the building's

value. *Jack L. Baker Companies, Inc. v. Pasley Manufacturing and Distributing Co.*, 413 S.W.2d 268[7] (Mo.1967). Here plaintiff presented evidence of cost of restoration and also diminution in value. The latter was established by William Seibert, plaintiff's sole stockholder, that the property was worth $85,000 when defendant assumed occupancy and only $80,000 when defendant vacated. The $4,500 verdict indicates the jury concluded the diminution in value was not entirely attributable to the damages caused by defendant. We deny defendant's challenge to the amount of damages.

Judgment affirmed.

DOWD and STEWART, JJ., concur.