**Milan Michael KRALIK, Appellant,**

v.

**MORTGAGE SYNDICATE, INC., and Peter C. Hixson, Respondents.**

No. 46680.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 9, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied
July 12, 1984.

Edward P. Burke, Clayton, for appellant.

Stanley H. Chorlins, Clayton, for respondents.

REINHARD, Judge.

Plaintiff appeals the dismissal of his petition to set aside a foreclosure sale. The

court dismissed the action for failure to prosecute. We affirm.

Plaintiff owned property in Crestwood, Missouri, which he used as his residence. This property was secured by two deeds of trust, the second of which was foreclosed by defendant Mortgage Syndicate, Inc. for nonpayment and sold at a foreclosure sale April 15, 1980. On May 13, 1980, plaintiff filed a petition to set aside the foreclosure sale and for damages for wrongful foreclosure.

Defendant's attorney entered his appearance in this matter June 9, 1980 and filed a motion to make more definite and certain and a motion to dismiss on behalf of defendant Hixson. These matters were never ruled upon.

Defendants then filed a motion for summary judgment on October 21, 1980, which plaintiff responded to and which was overruled in February, 1981. The action was subsequently set for trial September 3, 1981 but was continued at the parties' consent.

Thereafter, the plaintiff took no action to ready this case for trial. The only activity of any sort during this period was that by plaintiff's counsel, who twice sought to withdraw from the case, the second of which was accepted by the court on November 3, 1981.

Finally, on December 10, 1982, after passage of fifteen months with no activity on plaintiff's part to prosecute the case, defendants filed their motion to dismiss for failure to prosecute.[1] On December 10, 1982, plaintiff appeared with different counsel and, after hearing argument, the court sustained the motion to dismiss plaintiff's suit.

■ Rule 67.02 authorizes a defendant to move for dismissal of a civil action against him on account of failure on the part of plaintiff to prosecute the action. It is well settled that the courts have inherent authority, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence. *Shirrell v. Missouri Edison Company*, 535 S.W.2d 446, 448 (Mo. banc 1976). The decision as to whether the action has been diligently prosecuted must be made on a case by case basis. *Vonder Haar Concrete Company v. Edwards-Parker, Inc.*, 561 S.W.2d 134, 138 (Mo.App.1978). The trial court's decision on this matter will not be disturbed on appeal absent an abuse of discretion. *Shirrell v. Missouri Edison Company*, 535 S.W.2d at 448. Such an abuse is present when the decision is clearly contrary to the logic of the circumstances and so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Id.*

■ The present case sat dormant for fifteen months immediately prior to the court's determination that plaintiff had not diligently pursued his claim. Plaintiff maintains that he indicated his readiness for trial when he appeared at the hearing on the motion to dismiss for failure to prosecute, *see Vonder Haar Concrete Company v. Edwards-Parker, Inc.*, 561 S.W.2d at 139, and that prior remote periods of inactivity, however lengthy, should not be held against him. *Laurie v. Ezard*, 595 S.W.2d 336, 338 (Mo.App.1980). Plaintiff's inactivity was not remote nor was he prepared to proceed to trial with his case on December 10, 1982. It is clear from the record that there were outstanding motions filed by defendants some thirty months prior to the dismissal hearing which had yet to be ruled upon by the court. Plaintiff shouldered the burden of actively pursuing his case by requesting that the court rule upon outstanding motions. He had failed to do so in the prior thirty months, and had taken no action whatsoever in the previous fifteen months. Contrary to plaintiff's claims, his failure to do so left this case in

1. We note that plaintiff has occupied the premises subsequent to the foreclosure sale. On March 27, 1981, during the pendency of this action, a receiver was appointed, pursuant to defendants' request. On April 17, 1981, he was authorized to oversee the property and collect rent from plaintiff. The court twice held contempt hearings, on July 22, 1981 and December 10, 1981, and found that plaintiff had failed to pay rent due.

a posture not ready for trial on December 10, 1982.

Under the circumstances of this case, we cannot say that the court's ruling was clearly against the logic of the circumstances nor so unreasonable as to indicate a lack of careful consideration. Therefore, there was no abuse of discretion.

Judgment affirmed.

KAROHL, P.J., and CRANDALL, J., concur.