**Dr. John W. CAIN, Appellant,**

v.

**The STATE OF ARKANSAS and Arkansas State Podiatry Board, Appellees.**

No. 84–1358.

United States Court of Appeals, Eighth Circuit.

Submitted April 24, 1984.

Decided May 15, 1984.

Motion to Reconsider, Vacate or Modify Denied July 16, 1984.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.

PER CURIAM.

Dr. John W. Cain appeals *pro se* from the District Court's[1] dismissal of his 42 U.S.C. § 1983 action. He alleges that his license to practice podiatry in Arkansas was revoked in violation of his Eighth and Fourteenth Amendment rights. Cain seeks reinstatement of his license and damages in excess of one million dollars.[2]

---

1. The Hon. Ross T. Roberts, United States District Judge for the Western District of Missouri.

2. For reasons unknown to us, the defendants never argued that the District Court lacked jurisdiction of their persons.

■ Appellant's argument that revocation of his podiatry license was "cruel and unusual punishment" is without merit. We agree with the District Court that because the revocation proceedings were entirely civil, the Eighth Amendment is inapplicable. See *Ingraham v. Wright*, 430 U.S. 651, 664–68, 97 S.Ct. 1401, 1408–10, 51 L.Ed.2d 711 (1977); see also *Verner v. State of Colorado*, 533 F.Supp. 1109, 1118 (D.Colo.1982), *aff'd*, 716 F.2d 1352 (10th Cir.1983) (Eighth Amendment does not apply where loss of license is full extent of possible punishment).

■ We also agree that Cain is not entitled to proceed on his Fourteenth Amendment claims. Cain previously challenged the revocation of his license in the Arkansas state courts. *Cain v. Arkansas State Podiatry Examining Board*, 275 Ark. 100, 628 S.W.2d 295 (1982). The present suit involves the same parties and the same occurrence as the state action. We see no reason why Cain could not have litigated his present claims in the state-court system had he sought to do so in timely fashion. Under Arkansas law, it appears that Cain would be barred by *res judicata* from filing another action in state court challenging the license revocation. See, *e.g.*, *Benedict v. Arbor Acres Farm, Inc.*, 265 Ark. 574, 579 S.W.2d 605, 607 (1979) (prior decree bars a subsequent suit involving the same subject matter as that determined or which could have been determined in an earlier action between the same parties). Cain's state-court judgment has the same preclusive effect in the federal court as that judgment would have in Arkansas courts, even though his § 1983 claims were never actually litigated in state court. *Migra v. Warren City School District Board of Education*, — U.S. —, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). Cain's claim for reinstatement of his license based on violation of his Fourteenth Amendment rights is therefore barred by the doctrine of *res judicata*.

■ Cain's claim for damages against the State of Arkansas and its agency is barred by the Eleventh Amendment. See *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). He points out that the Amendment's words cover only suits against a state by citizens of another state, and that when the events complained of took place he lived in Arkansas. The argument, though appealing if only the text of the Eleventh Amendment is considered, is unavailing. The Supreme Court has held ever since *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890), that the Amendment bars suits against a state in the lower federal courts by its own citizens as well as by those of another state.

Affirmed.