**John W. CAIN, Appellant,**

v.

**STATE BOARD OF PODIATRY, Respondent.**

**No. 17706.**

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 4, 1992.

John W. Cain, pro se.

William L. Webster, Atty. Gen., Kurt P. Valentine, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM.

John W. Cain appeals from a judgment of the Circuit Court of Jasper County af-

firming a final decision of the Administrative Hearing Commission, ("the Commission"). The decision of the Commission affirmed the decision of the State Board of Podiatry, ("the Board"), which denied Cain's application for a podiatry license. Cain's license was revoked by the Board in an earlier and separate proceeding.

■ Cain's two "points relied on" read: "I. The Circuit Judge made more than an error of judgement and more than abusive [sic] of discretion. II. The Circuit Judge and Apellies [sic] erred in heavily relying on the fact that Appellant, Dr. John W. Cain, is not a lawyer or a member of the Bar, which was there [sic] defense."

In June 1986, the Board revoked Cain's license to practice chiropody and podiatry in Missouri. The Commission had previously determined that there was cause to discipline his license because he had violated § 303.160 [1] in failing to comply with a reasonable standard of proficiency and in misconduct in the performance of the duties of his profession in regard to 24 instances of patient record keeping and patient diagnosis, care and treatment. Cain did not seek review of the revocation.

In 1990, Cain filed with the Board an application for a podiatry license. The Board considered the application and denied it. The Board gave Cain, in writing, the reasons for its denial. Cain then filed a complaint with the Commission and amended it twice. The Board, after answering the original and amended complaints, filed an Application for Relief in the Nature of Summary Judgment. On March 20, 1991, the Commission made findings of fact and conclusions of law and entered an order granting the Board's application. Cain filed a petition for review in the circuit court. The circuit court affirmed the Commission's order of March 20, 1991.

Cain's complaint was filed with the Commission pursuant to § 621.120. With exceptions not applicable here, all final decisions of the Commission are subject to judicial review under the provisions of § 536.-100 to § 536.140. See § 621.145; Rule 100.

"For purposes of review, the action of the Commission and the order, if any, of the agency shall be treated as one decision." § 621.145.

Generally speaking, in a contested case, judicial review is based on the record made before the agency. The scope of review, both for the circuit court and the court of appeals, is prescribed by § 536.140. The court of appeals reviews the decision of the agency, not the judgment of the circuit court.

*Shawnee Bend Sp. R. Dist. v. Camden Cty.,* 800 S.W.2d 452, 456 (Mo.App.1990).

Although a plaintiff has the right to try his own case, he "is bound by the same rules of procedure as those admitted to practice law and is entitled to no indulgence he would not have received if represented by counsel." *Commerce Bank of Kansas City v. Conrad,* 560 S.W.2d 388, 390[2] (Mo.App.1977). To similar effect see *Boyer v. Fisk,* 623 S.W.2d 28, 30[3] (Mo. App.1981); *Shelton v. Julian,* 610 S.W.2d 129, 130[1] (Mo.App.1980). In *Cain v. Webster,* 770 S.W.2d 327 (Mo.App.1989), in which Cain was a party, this court pointed out that the foregoing was "particularly applicable in view of plaintiff's experience in litigation." The court cited the following cases: *Cain v. Scott,* 782 F.2d 1050 (8th Cir.1985); *Cain v. State of Arkansas and Arkansas State Podiatry Board,* 734 F.2d 377 (8th Cir.1984); *Cain v. Arkansas State Podiatry Examining Board,* 275 Ark. 100, 628 S.W.2d 295 (1982); *Cain v. Hershewe,* 760 S.W.2d 146 (Mo.App.1988); *Cain v. Cain,* 546 S.W.2d 203 (Mo.App. 1977); *Cain v. Cain,* 536 S.W.2d 866 (Mo. App.1976).

"[A]llegations of error not briefed or not properly briefed shall not be considered in any civil appeal." Rule 84.13(a).

■ Cain's first point makes no mention of the decision of the Commission or the order of the Board, which are treated as one decision. This court's review is directed to the decision of the agency, not the judgment of the circuit court. Even if the

---

1. Unless otherwise indicated, all references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

second point, charitably construed, challenges the decision of the Commission and the order of the Board, it does not set forth why the refusal to reissue the license is claimed to be erroneous, nor does it mention that refusal.

The statement of facts portion of Cain's brief makes no mention of the decision of the Commission or the order of the Board, and no portion of either of those rulings is set forth or discussed. The same is true of Cain's argument in support of his points. These deficiencies violate Rule 84.04.

A gratuitous review of the record on appeal, over 600 pages in length, discloses no plain error. Section 536.140 sets forth the scope of judicial review of the action of the Commission and enumerates circumstances justifying reversing or modifying the agency's order. No such circumstance has been shown to exist.

The judgment is affirmed.

All concur.