John W. CAIN, Plaintiff–Appellant–Respondent,

v.

BUEHNER AND BUEHNER, a corporation or partnership, Lloyd R. Buehner, II and Lloyd R. Buehner, III, Defendants–Respondents–Appellants.

Nos. 17933, 17936.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 25, 1992.

John W. Cain, pro se.

Lloyd R. Buehner, Jr., Lloyd R. Buehner, III, Buehner & Buehner, Joplin, for defendants-respondents-appellants.

CROW, Presiding Judge.

Plaintiff, John W. Cain, filed a petition December 20, 1985, in the Circuit Court of Jasper County naming as defendants: "Buehner and Buehner, a corporation or partnership, Lloyd R. Buehner, II and Lloyd R. Buehner, III."

Defendants filed a counterclaim March 11, 1986.

By letter dated December 23, 1991, the trial court directed the Circuit Clerk to make the following docket entry:

> Cause dismissed with prejudice for failure to prosecute pursuant to this Court's notice of November 19, 1991. Costs taxed to Plaintiff.

The clerk did so December 26, 1991.

Plaintiff appeals (number 17933). Defendants also appeal (number 17936). We consolidated the appeals, but address them separately in this opinion.

### Appeal 17933

The activity (or more aptly, inactivity) in the case from and after October 18, 1988, is illustrated by the trial court's docket sheet, which shows:

October 18, 1988. Plaintiff files motion to disqualify Judge McGuire.[1]

January 11, 1989. Plaintiff files second motion to disqualify Judge McGuire.

January 13, 1989. Defendants file suggestions in opposition to Plaintiff's motions to disqualify Judge McGuire.

January 20, 1989. Deposition of a witness taken by Plaintiff February 23, 1988, ordered opened and filed.

January 24, 1989. Plaintiff's motions to quash Defendants' suggestions in opposition to Plaintiff's motions to disqualify Judge McGuire filed.

March 12, 1990. Plaintiff's first interrogatories to Defendants filed.

March 19, 1990. Defendants' objections to Plaintiff's interrogatories and request for an extension of time filed.

May 10, 1990. Plaintiff's motion to compel Defendants to answer interrogatories filed.

The next event of record occurred some eighteen months later—November 19, 1991—when Judge McGuire sent the parties the following letter:

> There has been no activity, to my knowledge, in the above-captioned matter for over two years. I therefor [sic] intend to dismiss the cause for failure to prosecute on December 20, 1991, unless a written motion is filed setting forth facts justifying it remaining active.

The only activity by Plaintiff in response to the letter was the filing of a "Motion for Jury Trial" on December 19, 1991. Excluding its caption, it read, in its entirety:

> Comes now the plaintiff, John W. Cain, acting as counsel pro se, and move the Court to grant a jury trial pursuant to rule 69, Missouri rules of civil procedures, demands a trial date on or about March 25, 1992.
>
> Petitioner prays this motion be granted.

The only act by the trial court subsequent to the filing of Plaintiff's motion was the dismissal reported in the third paragraph of this opinion.

---

1. The Honorable Thomas K. McGuire, Jr., a circuit judge of Judicial Circuit 31 (Greene County). Judge McGuire was transferred to the Circuit Court of Jasper County in 1987 by order of the Supreme Court of Missouri to hear and determine this case.

Plaintiff's brief presents three points relied on,[2] which read:

I. The Judge erred in prematurely dismissing this case for failure to prosecute because of the mailing distance and the time factor between Joplin and Springfield, Missouri.

II. The Circuit Judge erred in not granting Summary Judgement for Appellant on April 1, 1988[.]

III. Judge McGuire was prejudice and bias by overruling every motion and never allowing a hearing for Appellant but only for respondents.

Rule 84.04(d)[3] reads:

The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous....

The purpose of the rule and the necessity of obeying it are extensively discussed in the venerable case of *Thummel v. King*, 570 S.W.2d 679, 684–88 (Mo. banc 1978).

Point I offers no clue as to wherein and why the "mailing distance" and "time factor" between Joplin and Springfield are pertinent to the trial court's dismissal of this cause, and provides no inkling of wherein and why the dismissal was erroneous. The point therefore presents nothing for review. *Carthen v. Jewish Hospital of St. Louis*, 694 S.W.2d 787, 796[4] (Mo.App. 1985); *Depper v. Nakada*, 558 S.W.2d 192, 198[8] (Mo.App.1977); *Yellow Service Company, Inc. v. Human Development Corp. of St. Louis*, 539 S.W.2d 713, 714[1] (Mo.App.1976); *Thigpen v. Dodd's Truck Lines, Inc.*, 498 S.W.2d 816, 818[5] (Mo. App.1973).

Although Plaintiff is proceeding pro se, he is bound by the same rules as a party represented by counsel. *Williams v. Shel-ter Insurance Co.*, 819 S.W.2d 781, 782[2] (Mo.App.1991); *Snelling v. Jackson*, 787 S.W.2d 906, 906–07[1] (Mo.App.1990). A pro se litigant is not allowed a lower standard of performance. *Corley v. Jacobs*, 820 S.W.2d 668, 671[1] (Mo.App.1991); *Arenson v. Arenson*, 787 S.W.2d 845, 846[1] (Mo.App.1990). That is particularly apropos here in view of Plaintiff's experience in litigation. See: *Cain v. State Board of Podiatry*, 834 S.W.2d 260 (Mo.App.S.D., 1992); *Cain v. Webster*, 770 S.W.2d 327 (Mo.App.1989); *Cain v. Hershewe*, 760 S.W.2d 146 (Mo.App.1988); *Cain v. Scott*, 782 F.2d 1050 (8th Cir.1985); *Cain v. State of Arkansas and Arkansas State Podiatry Board*, 734 F.2d 377 (8th Cir.1984); *Cain v. Arkansas State Podiatry Examining Board*, 275 Ark. 100, 628 S.W.2d 295 (1982); *Cain v. Cain*, 546 S.W.2d 203 (Mo. App.1977); *Cain v. Cain*, 536 S.W.2d 866 (Mo.App.1976).

Nonetheless, we have gratuitously reviewed the record for plain error per Rule 84.13(c).[4]

A trial court has inherent power, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence, and a dismissal on that ground will not be disturbed on appeal unless such discretion was abused. *Shirrell v. Missouri Edison Co.*, 535 S.W.2d 446, 448[1] (Mo. banc 1976), citing *Euge v. Lemay Bank & Trust Co.*, 386 S.W.2d 398, 399 (Mo.1965). Judicial discretion is abused when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration; if reasonable people can differ about the propriety of the trial court's action, it

---

**2.** Plaintiff's reply brief sets forth some additional "Points Relied On"; however, they are not cognizable. Assignments of error set forth for the first time in an appellant's reply brief do not present issues for appellate review. *Application of Gilbert*, 563 S.W.2d 768, 770–71[3] (Mo. banc 1978). The sole purpose of a reply brief is to rebut arguments by respondents in their briefs, not to raise new points on appeal. *Kramer v. Mason*, 806 S.W.2d 131, 134[7] (Mo.App.1991).

**3.** Rule references are to Missouri Rules of Civil Procedure (1992).

**4.** Rule 84.13(c) reads:

Plain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom.

cannot be said the trial court abused its discretion. *Shirrell*, 535 S.W.2d at 448[2].

Here, the case had been pending six years when the trial court dismissed it. From October 18, 1988, through March 11, 1990, both dates inclusive (a period of seventeen months), the only activity by Plaintiff was a series of efforts to disqualify Judge McGuire.[5] Then, from March 12, 1990, through November 19, 1991 (the date of Judge McGuire's letter), both dates inclusive (a period of twenty months), the only activity by Plaintiff was the filing of his first interrogatories and a motion to compel answers to them. The record shows no attempt by Plaintiff to obtain a ruling on the motion or on Defendants' objections to the interrogatories.

After Judge McGuire's letter of November 19, 1991, Plaintiff's only activity was to request a jury trial. Contrary to the directive in the letter, Plaintiff's motion failed to set forth any fact justifying retention of the case on the docket.

In *Kralik v. Mortgage Syndicate, Inc.*, 673 S.W.2d 448 (Mo.App.1984), a plaintiff allowed his case to sit dormant fifteen months. At a hearing on whether it should be dismissed for failure to prosecute, the plaintiff appeared and "indicated his readiness for trial." The trial court nonetheless dismissed the case. On appeal, the Eastern District of this Court noted the plaintiff was not ready for trial when dismissal was ordered. *Id.* at 449. Motions by the adverse parties were pending and had not been ruled. *Id.* Holding the plaintiff had taken no action to pursue the case for fifteen months, the Eastern District affirmed the order of dismissal.

The instant case lay dormant from May 11, 1990, to November 19, 1991, a period exceeding eighteen months. During the nineteen months immediately preceding May 11, 1990, Plaintiff's only activity had been his attempts to disqualify the judge, the filing of his first interrogatories, and the filing of his motion to compel answers to them. As noted earlier, the record dem-onstrates no effort by Plaintiff to obtain a ruling on the motion or on Defendants' objections to the interrogatories.

When Plaintiff filed his motion for jury trial December 19, 1991, he obviously was not ready for trial, as his interrogatories to Defendants remained unanswered. If Plaintiff could have gone to trial without the answers, it would be inferable the interrogatories were frivolous and the answers inessential for trial preparation. Understandably, Plaintiff does not assert his interrogatories were trivial.

This case is a virtual clone of *Kralik.* Measured against *Kralik*, the trial court's dismissal of this case for failure to prosecute was not an abuse of discretion. *A fortiori*, dismissal could not constitute manifest injustice or miscarriage of justice warranting plain error relief under Rule 84.13(c).

The argument under Plaintiff's point I appears to imply Judge McGuire ordered the dismissal before receiving Plaintiff's motion for jury trial. The record is silent as to whether this hypothesis is correct. Even if it were, it would not change our holding.

As observed earlier, Plaintiff's motion for jury trial set forth no fact justifying retention of the case on the docket. In *Cagle v. Klinkerfuss*, 504 S.W.2d 155 (Mo. App.1973), after the case had lain dormant thirteen months, the defendant moved that it be dismissed for failure to prosecute. The plaintiffs, although duly notified, failed to appear at the hearing on the motion to dismiss. The trial court dismissed the case. Affirming the ruling, the appellate court pointed out neither the plaintiffs nor their lawyer appeared at the dismissal hearing to show cause why the case should remain pending.

Such circumstances are analogous to those here. Plaintiff's motion for jury trial pled no fact justifying retention of the case on the docket. Moreover, the final period

---

5. According to the docket sheet, Plaintiff requested and received two changes of judge before Judge McGuire was assigned. Hence, Plaintiff was not entitled to a change from Judge McGuire. Rule 51.05(d).

of inactivity in this case exceeded the period of dormancy in *Cagle.*

The trial court committed no error, plain or otherwise, in dismissing this case for failure to prosecute. Plaintiff's point I is meritless.

■ Plaintiff's point II, like point I, violates the "wherein and why" requirement of Rule 84.04(d), and thus presents nothing for review. Furthermore, point II endeavors to assign error in the denial of a motion by Plaintiff for summary judgment.

Missouri appellate courts have consistently held that a trial court's denial of a motion for summary judgment is not subject to appellate review. *Parker v. Wallace,* 431 S.W.2d 136, 137–38[2] (Mo.1968); *Farmers and Merchants Ins. Co. v. Cologna,* 736 S.W.2d 559, 569–70[11] (Mo.App. 1987); *Hamiltonian Federal Savings & Loan Assn. v. Reliance Ins. Co.,* 527 S.W.2d 440, 444[9] (Mo.App.1975). In those cases, the appeal was from an adverse judgment rather than from a dismissal for failure to prosecute. However, Plaintiff cites no authority demonstrating an exception exists where a party allows his case to languish until it is dismissed, and we perceive no justification for such an exception. Applying the above rule, we hold Plaintiff's point II is ineligible for appellate review.

We next address point III. Like the first two, it violates the "wherein and why" requirement of Rule 84.04(d). Point III fails to identify any particular ruling and furnishes no hint as to wherein and why any ruling was erroneous. Consequently, point III presents nothing for review.

■ However, even without that defect, point III would be unavailing. The mere fact that rulings are against a party, per se, does not show bias or prejudice on the part of the trial court. *In re Marriage of Ryterski,* 655 S.W.2d 102, 104[8] (Mo.App. 1983); *State v. Tyler,* 622 S.W.2d 379, 385[10] (Mo.App.1981). Point III is destitute of merit.

One final item remains. After briefing was complete in this appeal, Plaintiff filed a motion to strike Defendants' brief. Plaintiff's motion correctly stated Defendants' brief recites facts immaterial to the issues in this appeal. However, Defendants' brief also contains facts and case citations pertinent to this appeal. We took Plaintiff's motion with the case.

The irrelevant allegations in Defendants' brief played no role in our adjudication of this appeal, as manifested by the grounds on which we rejected Plaintiff's claims of error. Because a ruling on Plaintiff's motion to strike could not affect our determination of the merits of this appeal, we need not rule the motion. *Agers v. Reynolds,* 306 S.W.2d 506, 512[5] (Mo.1957).

### Appeal 17936

Defendants adopt an extraordinary—but strategically understandable—position in this appeal. Their brief states, *inter alia:*

... in response to [Plaintiff's] Notice of Appeal (and to keep their counterclaims viable in the event the action of the trial court in dismissing this action is not upheld), [Defendants] filed a Notice of Appeal ... notwithstanding their convictions that Judge McGuire acted properly in dismissing this cause and that the dismissal should be upheld by this Court on appeal.

. . . .

[Defendants] respectfully urge that the dismissal of this action for failure to prosecute was reasonable and was not an abuse of discretion, and that the order of the trial Court should be sustained.

Recognizing the ambivalence in an appealing party praying for affirmance, Plaintiff moved to strike Defendants' brief. Plaintiff rightly emphasized Defendants' brief identifies no action by the trial court which Defendants claim to be erroneous. We took Plaintiff's motion with the case.

We need not, and do not, decide whether Defendants—despite maintaining dismissal of the case was correct—would have been entitled to a reversal of the dismissal of their counterclaim had we ruled for Plaintiff in appeal 17933. For disposition of Defendants' appeal, it suffices to note they seek no reversal if the dismissal of Plaintiff's claim is upheld. Inasmuch as we

have upheld that dismissal in appeal 17933, Defendants' appeal presents nothing for us to decide. That being so, Plaintiff's motion to strike Defendants' brief is moot.

The trial court's order dismissing this case is affirmed.

PARRISH, C.J., and SHRUM, J., concur.