Donna BOWE, Appellant,

v.

James BOWE, Trustee, Respondent.

No. WD 46262.

Missouri Court of Appeals,
Western District.

Feb. 2, 1993.

John L. Young, Princeton, for appellant.

Donaldson Chapman, Jr., Chillicothe, for respondent.

Before SMART, P.J., and SHANGLER and FENNER, JJ.

FENNER, Judge.

Appellant, Donna Bowe, appeals the judgment of the trial court dismissing, for want of prosecution, her petition.

On September 23, 1987, Donna Bowe filed her Petition To Set Aside Express Trust And To Impose Constructive Trust. In said petition Donna Bowe alleged that she was the widow of Fred Bowe. Donna Bowe alleged that Fred Bowe had, under a trust agreement executed in conjunction with his will, excluded her interest and included marital property. Named as defendants in Donna Bowe's petition were Linda Metz, Fred Bowe's daughter, Jo Ellen Metz, Fred Bowe's granddaughter, and respondent herein, James Bowe, as trustee of the Fred Bowe Trust.

The record reflects that respondent, James Bowe, filed his answer to Donna Bowe's petition on October 22, 1987. The record further reflects no further activity by Donna Bowe until after respondent James Bowe moved to dismiss for want of prosecution.

James Bowe's Motion To Dismiss For Want of Prosecution was filed on February 13, 1992, 53 months after the filing of the petition. Then on February 24, 1992, Donna Bowe filed a notice for trial setting along with an appearance by counsel, not previously of record, on Donna Bowe's behalf. James Bowe's motion to dismiss was sustained and Donna Bowe appeals.

On appeal, Donna Bowe argues that the trial court erred in sustaining the motion to dismiss because there had been changes in her attorneys for reasons beyond her control and further because her attorney of record at the time of dismissal requested and was ready for trial.

The trial court's decision as to dismissal of a case for failure to prosecute with due diligence will not be disturbed on appeal absent an abuse of discretion. *Kralik v. Mortgage Syndicate, Inc.,* 673 S.W.2d 448, 449 (Mo.App.1984). Abuse of

discretion on the part of the trial court in dismissing an action for failure to prosecute with due diligence is present when the court's decision is clearly contrary to the logic of the circumstances and so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Id.*

In *Kralik* the Eastern District of this court held that the trial court did not abuse its discretion in dismissing a petition to set aside a foreclosure sale for failure to prosecute with due diligence where the plaintiff failed to take any action to prosecute the case for 15 months after filing the petition and only appeared 15 months after filing when the defendants filed a motion to dismiss for failure to prosecute. *Id.* at 449–50.

In the case at bar, Donna Bowe presented no evidence in opposition to the motion to dismiss. Counsel appeared in opposition to the motion and argument was heard, but no evidence was presented.

Donna Bowe's arguments on appeal of difficulties with trial counsel are not supported by the record. Furthermore, the fact that counsel requested a trial setting after the motion to dismiss was filed was a matter that the court was allowed to consider, but it was not controlling.

Under the circumstances of this case and the record before us we cannot say that the trial court's ruling was clearly against the logic of the circumstances nor so unreasonable as to indicate a lack of careful consideration. Therefore, there was no abuse of discretion.

Judgment affirmed.

SHANGLER, J., concurs.

SMART, P.J., files concurring opinion.

SMART, Presiding Judge, concurring.

I concur in the decision. Over four years passed from the date of the filing of the action to the date that the motion to dismiss was filed with absolutely no activity on the part of plaintiff.

At the time of the hearing on the motion to dismiss for want of prosecution, Mrs. Bowe appeared by newly retained counsel, who informed the court that Mrs. Bowe's

original counsel had been appointed an associate circuit judge and that Mrs. Bowe had sought another attorney as substitute counsel, only to learn that new counsel had determined he had a conflict of interest. No dates were provided as to these events. Neither Mrs. Bowe nor anyone else testified. It cannot be said that Mrs. Bowe made a showing she had prosecuted her claim with reasonable diligence. However, Mrs. Bowe's new counsel announced he was ready for trial, and requested a trial date.

I write separately to state my view that ordinarily, the announcement that plaintiff is ready to try the case should be sufficient to warrant the denial of a motion to dismiss for want of prosecution, and the granting of a trial date, especially when there is no apparent reason to doubt that the plaintiff is ready to try the case. *Vonder Haar Concrete Co. v. Edwards–Parker*, 561 S.W.2d 134 (Mo.App.1978) (held abuse of discretion to dismiss for failure to prosecute where such dismissal occurred on the day the case was to be tried and plaintiff was ready to proceed). *Kralik*, cited in the principal opinion, should not be understood as discounting the fact that plaintiff announced ready for trial. The court in *Kralik* noted that plaintiff, in spite of his claim that he was ready for trial, was not in fact ready due to the outstanding motions which had been pending some thirty months and remained unruled. 673 S.W.2d at 449.

If this case involved a considerably shorter period of time, or involved a showing of some acts of diligence on the part of plaintiff, there would be an appearance of arbitrariness about the dismissal in view of plaintiff's declared readiness for trial. Here, however, the age of the case, together with the total lack of activity on the part of plaintiff, were factors which surely weighed heavily in favor of dismissal. The file reflects that the able trial court took all these matters into consideration. There was no abuse of discretion.