ACCEPTED
03-15-00295-CV
8063499
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/2/2015 11:09:06 PM
JEFFREY D. KYLE
CLERK

Cause No. 03-15-00295-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/2/2015 11:09:06 PM
JEFFREY D. KYLE
Clerk

IN THE COURT OF APPEALS

FOR THE THIRD DISTRICT OF TEXAS AT AUSTIN


Gerald Kostecka,

Appellant


VS


Smoky Mo's Franchise, LLC d/b/a Smokey Mo's BBQ,

Appellee


On appeal from the 26th Judicial District Court of Williamson County,

Texas


<u>REPLY BRIEF OF APPELLANT</u>


Stuart Whitlow

LAW     OFFICES     OF     STUART

WHITLOW

1104 S. Mays Street, Suite 116

Round Rock, Texas 78664

(737) 346-1839

(512) 255-5938 (fax)

stuartwhitlowlaw@yahoo.com

ATTORNEY FOR APPELLANT

ORAL ARGUMENT REQUESTED

# NAMES OF ALL PARTIES TO FINAL JUDGMENT

PLAINTIFF/APPELLANT:

Gerald Kostecka

Represented at trial and on appeal by:

Stuart Whitlow

LAW OFFICES OF STUART WHITLOW

1104 S. Mays Street, Suite 116

Round Rock, Texas 78664

(737)346-1839

(512) 255-5938 (fax)

stuartwhitlowlaw@yahoo.com

DEFENDANT/APPELLEE:

Smokey Mo's Franchise, LLC d/b/a Smokey Mo's BBQ

Represented at trial and on appeal by:

Robert A. House

Clark & Trevino

1701 Directors Blvd., Suite 920

Austin, Texas 78744

# TABLE OF CONTENTS

Page

INDEXOF AUTHORITIES.......................................................vii

ARGUMENT ..................................................................1

CONCLUSION AND PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . 7

CERTIFICATE OF SERVICE........................................ 9

C:\PROGRAM FILES (X86)\PDFCONVERTER\TEMP\NVDC\01C07008-B7B7-4417-9530-168CE9034617\5389CE9E-CB34-4C01-BA9E-440853764212FILE.DOC

vi

INDEX OF AUTHORITIES

CASES

Page

*Farlow v. Harris Methodist Fort Worth Hospital*, 284 S.W.3d 903, 911 (Tex. App.-- Fort Worth 2008, Pet. Denied)...............................................................................5

*La Sara Grain Co. v. First Nat'l Bank*, 673 S.W.2d 558, 563 (Tex. 1984). ...............................................................................5

C:\PROGRAM FILES (X86)\PDFCONVERTER\TEMP\NVDC\01C07008-B7B7-4417-9530-168CE9034617\0389CE9E-CB34-4C01-BA9E-440853764212FILE.DOC

# STATUTES, RULES AND REGULATIONS

Texas Rule of Evidence 801(e)(2)(D).........................................................7

C:\PROGRAM FILES (X86)\PDFCONVERTER\TEMP\NVDC\01C07008-B7B7-4417-9530-168CE9034617\6589CE9E-CB34-4C01-BA9E-440853764212FILE.DOC

viii

IN THE COURT OF APPEALS

FOR THE THIRD DISTRICT OF TEXAS AT AUSTIN


Gerald Kostecka,

Appellant


VS


Smokey Mo's Franchise, LLC, d/b/a Smokey Mo's BBQ,

Appellee


On appeal from the 26th Judicial District Court of Williamson County,

Texas


REPLY BRIEF OF APPELLANTS


TO THE HONORABLE COURT OF APPEALS:


Appellant, Gerald Kostecka, submits this Reply Brief pursuant to


Rule 38.3 of the Texas Rules of Appellate Procedure in support of his

appeal and requests reversal of the trial court=s order granting Appellee=s no-evidence motion for summary judgment. Appellant asks that this cause be set for submission on oral argument.

ARGUMENT

Appellee's basic point in their brief seems to be that Appellant failed to bring forth more than a scintilla of evidence to raise a fact with respect to certain elements of Appellant's cause of action. Appellee's Brief at Page 3, 8. Appellee's first argument is that "Kostecka puts forth no evidence of the injuries, or other damages, he claims to have sustained." Appellee's Brief at Page 9. In his Affidavit in support of his Response to Defendant's Motion for Summary

C:\PROGRAM FILES (X86)\PDFCONVERTER\TEMP\NVDC\01C07008-B7B7-4417-9530-168CE9034617 6389CE9E-CB34-4C01-BA9E-440853764212FILE.DOC

2

Judgment (hereinafter "Response"), however, Appellant states that "[a]s a result of the fall, I sustained substantial injuries to my body (in particular my left leg and knee) and felt severe pain and suffering. As a result of the fall, I also have experienced substantial physical impairment and mental anguish. Such pain and suffering, as well as the physical impairment resulting from the injuries and mental anguish continue until this day." Response, Supplemental Clerk's Record, Volume 1, Page 7. Obviously, contrary to Appellee's assertion, Appellant brought forth more than a scintilla of evidence on this element and thus raised a fact issue.

Appellee then argues that the facts set forth in Appellant's

Affidavit supporting the Response are nothing more than repetitions of the facts in Appellant's pleadings. To the contrary, Appellee has it backwards. The facts set forth in Appellant's Response to Defendant's Motion for Summary Judgment are taken from Appellant's Affidavit attached to the Response. Appellee appears to be saying that Appellant's statements regarding the injuries resulting from the fall in Appellee's restaurant are "conclusory" in nature. Appellee's Brief at Page 10. It is hardly "conclusory" to say that one suffered injuries to one's left leg and knee as a result of a fall and that one felt severe pain and suffering as a result. Again, contrary to Appellees' assertion, it is not a conclusory statement to say that when Appellant reached for

the salt shaker at the table in Appellees' restaurant, Appellant's chair shot out from under him and he fell to the floor landing on his left knee. Response, Supplemental Clerk's Record, Volume 1, Page 7. This is probative summary judgment evidence. To argue that such statements are "conclusory" reveals a serious misunderstanding of that term.

Appellee also argues that Appellant failed to bring forth more than a scintilla of evidence that the unsafe condition with respect to Appellant's restaurant floor and chairs presented an unreasonable risk. Appellee's Brief at P. 11, 12. Here again, Appellant presented evidence of a Smokey Mo's employee coming up to Appellant right after the fall

and stating that the condition of the floor and the nature of the bottom of the chair legs created a dangerous condition for customers in terms of the chairs moving out from under customers just like Appellant's chair moved out from under him. Supplemental Clerk's Record, Volume 1, Page 7. This statement in and of itself directly provides far more than a scintilla of evidence with respect to unreasonable risk of harm. When this statement is combined with what actually happened to Appellant and the various general rules of summary judgment with their generous leaning toward the non-movant, Appellant has even more obviously met his burden in this regard. Appellant's Brief at Page 4, 5.

Appellee also argues that Appellant failed to present a scintilla of

C:\PROGRAM FILES (X86)\PDFCONVERTER\TEMP\NVDC\01C07008-B7B7-4417-9530-168CE9034617-6389CE9E-CB34-4C01-BA9E-440853764212FILE.DOC

6

evidence that Appellee possessed the premises where Appellant was injured. Appellee's Brief at Page 12, 13. To the contrary, Appellant stated in his Affidavit that he and his wife went to a Smokey Mo's BBQ restaurant and that that is where he was injured. Supplemental Clerk's Record, Volume 1, Page 7. He stated that he spoke with two Smokey Mo's BBQ employees after his fall at the restaurant. Supplemental Clerk's Record, Volume 1, Page 7. Further, they spoke to him about how Smokey Mo's was aware of the dangerous condition.

Supplemental Clerk's Record, Volume 1, Page 7. Appellant also talked about how Appellee failed to exercise ordinary care in addressing the problem with its floor even though it knew about the

C:\PROGRAM FILES (X86)\PDFCONVERTER\TEMP\NVDC\01C07008-B7B7-4417-9530-168CE90346176389CE9E-CB34-4C01-BA9E-440853764212FILE.DOC

dangerous condition. Supplemental Clerk's Record, Volume 1, Page 7.

If Appellee could not address the problem, it needed to warn Appellant about the danger but it did not. Supplemental Clerk's Record, Volume 1, Page 7. Clearly, Appellant brought forth far more than a scintilla of evidence with respect to this element. In addition, the generous presumptions favoring the non-movant in a no-evidence summary judgment analysis further make clear that Appellant far more than met his burden with respect to this element. Appellant's Brief at Page 4, 5.

Appellee also apparently argues that the statements of the Smokey Mo's BBQ employees set forth in Appellant's Affidavit were

C:\PROGRAM FILES (X86)\PDFCONVERTER\TEMP\NVDC\01C07008-B7B7-4417-9530-168CE9034617 6389CE9E-CB34-4C01-BA9E-440853764212FILE.DOC

8

hearsay because they were not acting within the scope of their authority. Although they were acting within the scope of their authority, this is not one of the requirements for determining whether statements of an entity's employees are hearsay or an admission by an opposing party. Appellee cites *Farlow v. Harris Methodist Forth Worth Hospital,* 284 S.W.3d 903, 911 (Tex. App. – Fort Worth 2008, pet denied) in support of Appellee's point in this regard. *Farlow*, however, does not stand for this proposition of law. (Appellee also cites *La Sara Grain Co. v. First Nat'l Bank*, 673 S.W2d 448, 563 (Tex. 1984) in its discussion of this issue, but it is very difficult to see how this case is supportive of Appellee's position.) Appellee correctly states the clear

language of Rule 801(e)(2)(D) of the Texas Rules of Evidence (the governing Rule of Evidence with respect to this issue) to the effect that a statement made by agents or employees on a matter within the scope of that relationship and while it existed is not hearsay. Appellee apparently believes, however, that it has to attempt to add a requirement to this Rule of Evidence because the employees' statements are clearly not hearsay under Rule of Evidence 801(e)(2)(D). In fact, the statements made by Appellee's employees set forth in Appellant's Affidavit meet the test of Rule 801(e)(2) (D) and Appellee's effort to somehow revise this applicable Rule of Evidence with a case which is not on point does not make those

statements hearsay.

CONCLUSION AND PRAYER FOR RELIEF

As Appellant Gerald Kostecka has demonstrated, the trial court

erred in granting Appellee Smokey Mo's Franchise, LLC d/b/a

Smokey Mo's BBQ's no-evidence motion for summary judgment as to

Appellant's premises liability claim. Appellant properly raised a material

issue of fact with respect to each of the elements of the premises

liability claim brought by Appellant. Accordingly, the summary judgment

issued by the trial court should be reversed and the cause should be

remanded for trial.

WHEREFORE, Appellant Gerald Kostecka asks this Court to rule

for Appellant with respect to the issues he presented for appeal, to reverse the trial court=s granting of Appellee Smokey Mo's Franchise, LLC d/b/a Smokey Mo's BBQ=s motion for no-evidence summary judgment and to remand the cause to the trial court for further proceedings. Appellant further respectfully requests that this Court assess costs of this appeal against Appellee, Tex. R. App. P. 82, and grant Appellant such other and further relief to which he may be entitled.

C:\PROGRAM FILES (X86)\PDFCONVERTER\TEMP\NVDC\01C07008-B7B7-4417-9530-168CE9034617\3389CE9E-CB34-4C01-BA9E-440853764212FILE.DOC

Respectfully submitted,

LAW OFFICESOF STUART WHITLOW

1104 S. Mays Street, Suite 116

Round Rock, Texas 78664

(737)346-1837

(512) 255-5938 (fax)

stuartwhitlowlaw@yahoo.com

By:_____/s/Stuart Whitlow_____

Stuart Whitlow

State Bar No. 21378050

ATTORNEY FOR APPELLANT

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to the following counsel of record listed below on this 2nd day of December, 2015.

Robert A. House

Clark & Trevino

1701 Directors Blvd, Suite 920

Austin, Texas 78744

_____/s/ Stuart Whitlow_____

Stuart Whitlow

## CERTIFICATE OF PAGE NUMBER COMPLIANCE

I hereby certify that I have counted the words in the brief and that they total 1175.

_____/s/Stuart Whitlow_____

Stuart Whitlow

C:\PROGRAM FILES (X86)\PDFCONVERTER\TEMP\NVDC\01C07008-B7B7-4417-9530-168CE903461F\5389CE9E-CB34-4C01-BA9E-440853764212FILE.DOC

13

C:\PROGRAM FILES (X86)\PDFCONVERTER\TEMP\NVDC\01C07008-B7B7-4417-9530-168CE9034617\6389CE9E-CB34-4C01-BA9E-440853764212FILE.DOC

C:\PROGRAM FILES (X86)\PDFCONVERTER\TEMP\NVDC\01C07008-B7B7-4417-9530-168CE9034617\13FACE9E-CB34-4C01-BA9E-440853764212FILE.DOC

17

C:\PROGRAM FILES (X86)\PDFCONVERTER\TEMP\NVDC\01C07008-B7B7-4417-9530-168CE9034617\6383CE9E-CB34-4C01-BA9E-440853764212FILE.DOC